## McCARTY v. THE STATE.

CRIMINAL LAW.—*Principal and Accessory.*—When an accessory to the crime of assault and battery with intent to murder is tried before the principal, and a verdict of guilty is rendered against him, but before judgment the principal is tried and acquitted, the accessory, on the production of the record showing the acquittal of the alleged principal, is entitled to be discharged.

SAME.—*Statute.*—Section 51 of the criminal code authorizes the trial and conviction of an accessory before or after the conviction of the principal offender; but it does not authorize the conviction of the accessory after the principal has been tried and acquitted.

From the Shelby Circuit Court.

*C. Wright, G. M. Wright, K. M. Hord, A. Blair,* and *B. F. Davis,* for appellant.

*J. C. Denny,* Attorney General, for the State.

WORDEN, J.—This was an indictment against Henry McCarty and Isaac McCarty, containing two counts. The first count charged them both, as principals, with the commission of an assault and battery upon Marion Grimes with intent to murder him.

The second count charged Henry McCarty with the commission of the assault and battery upon Grimes with the like intent, and that the appellant, Isaac McCarty, was accessory before the fact of said offence.

The defendants demanded a separate trial, and thereupon the State elected to try Isaac first. He was thereupon put upon his trial and found guilty on the second count in the indictment, and sentenced to pay a fine and be imprisoned in the penitentiary for the term of two years. Before judgment was rendered against the defendant Isaac, on the verdict, Henry had been put upon trial, on the indictment, and had been acquitted, and judgment had been rendered in his favor.

The appellant produced the record showing the acquittal of Henry, and the judgment in his favor, and moved to be discharged; but the court overruled his motion, and he excepted.

Judgment was then pronounced against him on the verdict.

The verdict against the appellant upon the second count in the indictment, saying nothing in respect to the first, was equivalent to a verdict of acquittal upon the first. *Weinzorpflin* v. *The State*, 7 Blackf. 186.

The appellant was found guilty only of being accessory before the fact to the offence charged against Henry Mc-Carty, as principal. But before judgment against the appellant, the alleged principal was tried and acquitted; and the question arises, whether after the acquittal of the principal, judgment could be rightfully rendered against the appellant, charged as such accessory.

"The leading doctrine in respect to an accessory is, that he follows, like a shadow, his principal. He can neither be guilty of a higher offence than his principal; nor guilty at all, as accessory, unless his principal is guilty. * * * So, according to the general doctrine, not only a man cannot be guilty as an accessory unless there is a principal who is guilty; but also he cannot be convicted except jointly with or after the principal, whose acquittal acquits him." 1 Bishop Crim. Law, secs. 666, 667. See *Johns* v. *The State*, 19 Ind. 421. We quote the following paragraph from 4 Cooley's Bl. 323:

"By the old common law the accessory could not be arraigned till the principal was attainted, unless he chose it; for he might waive the benefit of the law: and therefore principal and accessory might, and may still, be arraigned, and plead, and also be tried together. But otherwise, if the principal had never been indicted at all, had stood mute, had challenged above thirty-five jurors peremptorily, had claimed the benefit of clergy, had obtained a pardon, or had died before attainder, the accessory in any of these cases could not be arraigned: for *non constitit* whether any felony was committed or no, till the principal was attainted; and it might so happen that the accessory should be convicted one day, and the principal acquitted the next, which would be absurd. However this absurdity could only

happen where it was possible that a trial of the principal might be had subsequent to that of the accessory; and therefore the law still continues that the accessory shall not be tried so long as the principal remains liable to be tried hereafter. But by statute, 1 Ann. c. 9, if the principal be once convicted, and before attainder (that is, before he receives judgment of death or outlawry), he is delivered by pardon, the benefit of clergy, or otherwise; or if the principal stands mute, or challenges peremptorily above the legal number of jurors, so as never to be convicted at all; in any of these cases, in which no subsequent trial can be had of the principal, the accessory may be proceeded against as if the principal felon had been attainted; for there is no danger of future contradiction. And upon the trial of the accessory, as well after as before the conviction of the principal, it seems to be the better opinion, and founded on the true spirit of justice, that the accessory is at liberty (if he can) to controvert the guilt of his supposed principal, and to prove him innocent of the charge, as well in point of fact as in point of law."

Having thus adverted to the common law on this subject, we proceed to inquire how far it has been changed by our statute. Section 49 of the criminal code (2 G. & H. 453) subjects persons, aiding or abetting in the commission of any offence specified in the act, or who shall counsel, etc., the offence to be committed, to the same punishment as that to be inflicted upon the principal.

Section 50 defines what circumstances shall be deemed to constitute any person therein mentioned an accessory after the fact, and prescribes the punishment.

Section 51 is as follows: "Every person who shall be guilty of any crime punishable by the provisions of the last two preceding sections, may be indicted and convicted before, or after the principal offender is indicted and convicted." This section undoubtedly authorizes the trial and conviction of the accessory before the principal is convicted; but it does not, in terms, authorize the conviction of the accessory after the principal has been tried and acquitted. Under

this provision, if any accessory is convicted, and the term of the court has passed, at which judgment was rendered against him, so that the court would not have the common authority to set it aside, we do not see how he could legally avail himself of the subsequent acquittal of the principal. In such case, it would seem that he must abide by the conviction, having no remedy save that afforded by executive clemency.

Shall the statute be construed to authorize the conviction of the accessory after the acquittal of the principal? It does not, in terms, as we have seen, so provide. By its provisions, the accessory may be tried and convicted, either after the principal has been tried and convicted, or before the principal has been tried, his guilt remaining, in the mean time, undetermined. But if, at any time before the final conviction of the accessory, the principal has been tried and acquitted, there is no authority, either in the principles of the common law or under the statute quoted, for proceeding to the final conviction of the accessory.

In this case, the appellant had been found guilty by the verdict of a jury, but before judgment thereon the principal had been tried and acquitted. This entitled the appellant to be discharged, and, in our opinion, the court below erred in overruling his motion for such discharge.

The judgment below is reversed, and it is ordered that the appellant be discharged from imprisonment in the state prison.