MACK BOWEN, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The guilt of the alleged principal is under the common law essential to the conviction of one indicted as an accessory before the fact.

2. Where an indictment is against three persons charging each of them with murder as principal in the first degree, and the others as accessories before the fact as at common law, and one of them is put on trial and the jury finds him guilty under a count charging him as accessory, and subsequently, but before the entry of the judgment on this verdict, the one charged as principal in the count mentioned is tried and acquitted, judgment cannot be entered against the one found guilty as an accessory.

Writ of error to the Circuit Court for Osceola county.

The facts of the case are stated in the opinion of the court.

*Mershon & Rogers* for Plaintiff in Error.

We beg leave to submit the following brief of authorities in support of the assignment of errors herewith submitted:

1. The accessory at common law is so completely attached to the principle "that if sentence is not passed upon the latter" no judgment can be pronounced against the accessory. "That there can be no accessory *unless there is a guilty principal*," "the accessory cannot be convicted" except jointly with or after the principal, whose acquittal acquits him. State vs. Pybars, 4 Hemp., 442; Bishop on Criminal Law, vol. 1, p. 668.

2. To have maintained the charge against the accessory in this indictment, or as at common law, upon a separate trial, " proof of this conviction of a principal was necessary, and this proof must have been made by the record of the conviction. 2d Bishop Crim. Pros., sec. 12; State vs. Cranch., 2d Bailey, 68.

3d. Where the accessory was tried and convicted, and afterwards the principal was acquitted, " the court set aside the verdict and judgment and discharged the accessory." McCarthy vs. The State, 44 Ind., p. 214.

*The Attorney-General* for Defendant in Error.

RANEY, C. J.: The indictment charges Mack Bowen, the plaintiff in error, with the murder of one Horace Stalvey and Richard Rogers and Henry Bracey as accessories before the fact to such murder; it then charges Bracey with the murder and Bowen and Rodgers as accessories thereto before the fact and then charges Rogers with the murder and Bracey and Bowen as accessories thereto.

A severance was granted at the request of the defendant. The trial of Bowen was entered upon, and on the 20th day of last December, the jury returned a verdict finding him

guilty of " being an accessory to murder, as charged in the second count," or in effect, that he was guilty as an accessory to Bracey as the murderer of Stalvey.

On the 22d day of December Bowen moved for a new trial on the usual grounds, and the motion was denied ; and on the 28th day of the month he entered a motion in arrest of judgment on the ground that he had been placed on trial before the other defendants, and found guilty in the manner and form as stated above ; and afterwards, on the 26th day of the same month, Bracey had been put on trial, and the jury had returned a verdict of not guilty ; and that after- . wards the Judge, at the request of the State Attorney, entered a *nolle prosequi* as to Rogers.

This motion was overruled. On the same day the court sentenced Bowen to be hanged. The sentence recites that he had been convicted of being accessory before the fact (by counseling, hiring, procuring and aiding) to murder in the first degree.

The case is now before us on a writ of error and with a bill of exceptions. The law governing this case as to the trial and conviction of accessories before the fact is set out in *Ex-parte* Mack Bowen, decided by us at the last term, 25 Fla., S. C., 6 So. Rep., 65. The charge in the indictment of being an accessory, is of that offence as at common law, and not of a substantive felony under our statute. The conviction of the principal, Bracey, was essential to the guilt of the plaintiff in error as accessory at common law. *Ex-parte* Mack Bowen, and authorities.

The judgment is reversed, and the case will be remanded with directions to discharge the prisoner. McCarty vs. State, 44 Ind., 214.