Anna Maude Dillon v. State.

196 So. 696
Division A
Opinion Filed June 7, 1940

*J. B. Murrow, B. G. Fishback* and *E. Dykes,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

Buford, J.—On writ of error we review judgment of conviction of the offense denounced by Section 1, Chapter 15602, Acts Extraordinary Session 1931, alleging:

"While a certain building, to-wit: a dwelling house, situate and being on the following land in the County of Orange and State of Florida, to-wit: Lot 23 (less the West 110 feet) Michigan Heights, an addition to Lockhart, Florida,

according to the plat thereof, recorded in Plat Book 'M,' page 88, Public Records of Orange County, Florida, located on Ford Boulevard, Lockhart, Orange County, Florida, was insured to the extent of $1,500.00, against loss or damage by fire, in favor of the said Anna M. Dillon, by the American Equitable Assurance Company of New York City, New York, a corporation, did unlawfully and wilfully cause to be burned the aforesaid described dwelling house by counselling, and procuring one David H. Conrad to set fire to and burn the aforesaid described dwelling house, she the said Anna M. (Clark) Dillon then and there having the intent to injure and defraud the said American Equitable Assurance Company of New York City, New York, a corporation, the insurer of said dwelling house, he the said David H. Conrad having heretofore on November 15th, 1939, been adjudged guilty of the burning of the aforesaid, described house."

Without the words, "he, the said Davis H. Conrad having heretofore on November 15th, 1939, been adjudged guilty of the burning of the aforesaid, described house," the information was amply sufficient to charge the substantive offense denounced by the statute and, therefore, those words in the information could be eliminated as surplusage. The proof of that allegation was not required to warrant the conviction. The court committed no error in so instructing the jury. The prosecution was for a substantive statutory felony and, therefore, did not come within the common law rule applicable to prosecutions for the offense of accessory to the commission of a felony. See *Ex Parte* Bowen, 25 Fla. 214, 6 Sou. 65, and Bowen v. State, 25 Fla. 645, 6 Sou. 459; Newman v. State, 116 Fla. 98, 156 Sou. 237.

The evidence was amply sufficient to support the verdict and judgment.

The record discloses no reversible error; so the judgment is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.