EDITH LOUISE SCHMIDT *v*. STATE OF INDIANA.

[No. 372S35. Filed August 22, 1973. Rehearing denied October 16, 1973.]

*Patrick N. Ryan, Jack B. Welchons, Ryan & Welchons,* of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from the denial of a Post-Conviction Remedy Petition after a hearing in the Jay Circuit Court, the Honorable Ralph Rector, Special Judge. Petitioner alleged that her conviction as an accessory to first degree murder cannot stand since the only possible principal to the crime was convicted only of manslaughter.

The evidence introduced at the hearing revealed that the petitioner and one Glenn Everett Stewart were jointly charged by indictment with the crime of first degree murder in the death of petitioner's husband, Larry Lee Schmidt. In March of 1967, Stewart was found to be incompetent to stand trial at that time and was committed to Norman Beatty Hospital where he remained until May of 1969. Petitioner, however, proceeded to trial on the charge and in April of 1967, was found guilty by a jury as an accessory to first degree murder. She was subsequently sentenced to life in prison. This Court affirmed her conviction as an accessory to first degree murder in our opinion found at *Schmidt* v. *State* (1970), 255 Ind. 443, 265 N. E. 2d 219.

After being released from Norman Beatty Hospital, Stewart was found competent to stand trial. He entered a plea of not guilty by reason of insanity, and the case was submitted to trial by jury. The resulting jury verdict acquitted Stewart of first degree murder and all degrees of homicide, and found him guilty instead of only the offense of accessory after the fact to manslaughter in the death of Larry Lee Schmidt, and he was sentenced to not less than two nor more than twenty-one years.

Petitioner now contends that since the only other party to the death of Larry Lee Schmidt, and the only possible principal to the crime, was convicted only of what amounts to manslaughter, her conviction as an accessory to first degree murder cannot stand because of the legal contradiction of an accessory being convicted of a greater crime than the principal.

In our recent decision of *Combs* v. *State* (1973), 260 Ind. 294, 295 N. E. 2d 366, we recognized the doctrine of mandated consistency between the convictions of principals and accessories, in certain situations. While the law in this area does not require that an accessory's conviction must always be irrevocably tied to his principal's we held that in a situation "where there has [sic] been two separate

judicial determinations on the merits of the respective cases, and where they are contradictory, the law will impose a consistency to their findings." *Combs* v. *State, supra.* See also *McCarty* v. *State* (1873), 44 Ind. 214.

In this case both petitioner and the principal to the crime were convicted after separate jury trials on the merits. Both were charged and tried for the offense of first degree murder. The underlying crime in the case of the accessory, the petitioner here, was established as murder, while in the case of the principal, it was found to be manslaughter. This is the legally contradictory situation which was considered in *Combs, supra,* and in which we must impose a consistency on the findings of the respective trials.

We therefore hold that since there has been a determination on the merits of the degree of guilt of both the accessory and the principal to this crime and since they are contradictory, the petitioner is entitled to have her conviction and sentence reduced accordingly to conform to that of the principal. We reverse the decision of the Jay Circuit Court with instructions to grant petitioner's petition for post-conviction relief, and to vacate her conviction and enter a finding of guilty of manslaughter and sentence of not less than two nor more than twenty-one years.

Hunter and Prentice, JJ., concur; Givan, J., dissents with opinion in which Arterburn, C.J., concurs.

### DISSENTING OPINION

GIVAN, J.—I cannot agree with the conclusion of the majority opinion in this case. The appellant was charged and convicted of murder in the first degree. The jury verdict in her original trial reads:

"We, the Jury, find the Defendant, Edith Louise Schmidt, guilty of murder in the First Degree and that she shall be imprisoned in the State Prison during life. We further find that her true age is twenty-six years."

In our opinion affirming that conviction, see *Schmidt* v. *State* (1970), 255 Ind. 443, 265 N. E. 2d 219, 24 Ind. Dec. 164, after first reciting the evidence in the case, this Court observed that even accepting the appellant's argument that she had, in fact, been convicted only as an accessory, the evidence in the case did, in fact, support such a conviction. This position was taken by this Court solely for the purposes of meeting the arguments advanced by the appellant. We did not at that time go into the further fact that the jury verdict had been a finding of guilty of murder in the first degree.

In the case at bar, Mrs. Schmidt now appeals from the denial of a post-conviction remedy petition wherein she points out that following her trial and conviction, her confederate in the murder, Glenn Everett Stewart, was tried and convicted of being an accessory after the fact to her husband's murder. She thus takes the position: 1) that she was convicted as an accessory to the murder of her husband; 2) that the real perpetrator of the murder was Stewart; 3) that since Stewart was found guilty only of being an accessory after the fact of manslaughter that her conviction must now be set aside, and that she receive a sentence for manslaughter. The majority opinion sustains her in this argument citing as authority *Combs* v. *State* (1973), 260 Ind. 294, 295 N. E. 2d 366, 36 Ind. Dec. 240. The *Combs* case is correct in its observations and conclusions as to the law concerning an accessory. However, I would respectfully submit that the case at bar does not contain facts which would justify the decision of the majority in this case. When Mrs. Schmidt was tried, the jury was not afforded the benefit of the testimony of Glenn Everett Stewart because at that time he was a patient in a mental hospital and unable to testify.

As this Court pointed out in *Schmidt* v. *State, supra,* the jury had only Mrs. Schmidt's version of what had occurred. She was convicted and her conviction was affirmed by this Court upon evidence so obtained. Subsequently, when Glenn Everett Stewart was tried before a jury, he, of course, pre-

sented quite a different version of the occurrences. It is obvious that the jury trying Stewart was persuaded to come to the conclusion that it was not Stewart who committed the murder, but that it was Mrs. Schmidt, and that Stewart was only an accessory after the fact.

As quoted by the majority, we stated in *Combs* v. *State, supra:*

"* * * where there has [sic] been two separate judicial determinations on the merits of the respective cases, and where they are contradictory, the law will impose a consistency to their findings." 295 N. E. 2d at 370, 36 Ind. Dec. at 445.

When one examines the total picture presented by the trial of Edith Louise Schmidt and the separate trial of Glenn Everett Stewart, he comes to the following inescapable conclusions: 1) Mrs. Schmidt's husband was murdered; 2) both Mrs. Schmidt and Stewart were involved in that murder and no one else; 3) both Mrs. Schmidt and Stewart were tried for first degree murder; 4) Mrs. Schmidt was convicted of first degree murder; and 5) Stewart was convicted of being an accessory after the fact.

I see no inconsistencies in the two cases. The result might well have been the same had a single jury tried both Mrs. Schmidt and Stewart. As we pointed out in the original *Schmidt* appeal, the jury was not required to believe all of Mrs. Schmidt's testimony. The self-serving portions of her testimony that Stewart had committed the crime certainly did not have to be believed to sustain the verdict of that jury. On the other hand, there is nothing about the verdict of that jury that would be contradictory to believing that it was Mrs. Schmidt who, in fact, did the killing, and that Stewart only aided her after the fact.

I would, therefore, follow our ruling in the *Combs* case, *supra,* hold that the convictions of Mrs. Schmidt and Stewart are not inconsistent and affirm the trial court in its decision.

Arterburn, C.J., concurs.

NOTE.—Reported in 300 N. E. 2d 86.