DAVID MOSLEY *v.* STATE OF INDIANA.

[No. 976S288, Filed August 29, 1977.]

*George T. Popcheff,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Mosley was convicted in Marion Criminal Court of the first degree murder of Sheri Hawkins in April, 1975, and sentenced to life imprisonment. The murder in question occurred on October 27, 1974, in Indianapolis. Appellant and two other men, Ray Penn and Walter Finch, were in a Ford automobile chasing a Chevrolet, occupied by three others, at high speed. Appellant and his companions were seeking a confrontation with the driver of the Chevrolet,

Michael Taylor. Shots were fired from the pursuing car, striking the chased Chevrolet. Sheri Hawkins, a bystander on the sidewalk, was struck in the chest by a bullet and died within an hour.

Among the errors asserted in this appeal, it is contended that it was "fundamental error" to give a final instruction on transferred intent. There was no objection to this instruction at trial, and thus any error is waived on appeal unless review is necessary to serve the ends of substantial justice or prevent the denial of a fundamental right. *Cooper* v. *State*, (1977) 265 Ind. 700, 359 N.E.2d 532, 535. While appellant here claims generally that his fundamental rights were violated by the instruction in question, and that the jury was misled, he presents no authority to support this claim by showing what was, in fact, erroneous. Any possible error here is thus waived, since there is no citation of authorities to support appellant's argument. *Hendrix* v. *State*, (1974) 262 Ind. 309, 315 N.E.2d 701; *Williams* v. *State*, (1973) 260 Ind. 543, 297 N.E.2d 805.

The other asserted errors in this case are alleged as follows: "the defendant was tried and convicted as an accessory, whereas the principal [Finch] was tried and acquitted by jury of the same offense, which is contrary to law, and that the verdict is not supported by sufficient evidence and is contrary to law." Thus, an allegation of error in the inconsistency of findings between accessory and principal is mixed with an insufficiency of evidence argument. These two arguments will be separated, with some background presented first that is necessary for an understanding of both claims.

The evidence here is that appellant was the driver of an automobile from which bullets were being fired. There was also evidence of a bad relationship, including a prior use of guns, between appellant and the driver of the other car, Taylor. The purpose of the high speed chase was a show-down between appellant and Taylor. Of the three men in appellant's car, at least one and possibly

two were firing bullets. Neither of appellant's companions in the car, Finch or Penn, testified at his trial. In determining the sufficiency of the evidence, the court does not judge the credibility of witnesses nor weigh evidence. We look at only the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. A verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact should reasonably infer that the defendant was guilty beyond a reasonable doubt. *Matthew v. State*, (1975) 263 Ind. 672, 337 N.E.2d 821, 822. Further, where two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederates committed in furtherance of a common design. *Williams v. State*, (1976) 265 Ind. 190, 352 N.E.2d 733, 744. Under these principles and under the evidence here, the verdict of the jury must be allowed to stand.

Turning to the argument of inconsistency of result between appellant's conviction and Finch's acquittal, it is to be first noted that appellant was charged as a principal. To say, as does appellant, that he was convicted as an accessory invades the province of the jury. Appellant argues the case of *Schmidt v. State*, (1973) 261 Ind. 81, 300 N.E.2d 86, but that situation is distinguishable from the present one. *Schmidt* involved only two persons, who were jointly charged. A joint trial was not possible due to the incompetency of one defendant. This defendant, the only possible principal to the crime, was later brought to trial and convicted of manslaughter. The other defendant had in the meantime been convicted as an accessory to first degree murder. In the present case, there was a third person involved besides appellant and Finch, Penn, who later pleaded to a reduced charge. Penn had testified at Finch's trial, but appellant refused. The three were not co-defendants, and each was charged as a principal. From an examination of the testimony of all of the witnesses, there is ample evidence from which the jury could find that appellant Mosley was a principal. Further, it would have been consistent with the facts to

find all three, Mosley, Finch, and Penn, guilty as principals. The present case is thus unlike *Schmidt,* where it was only possible that one of the co-defendants was a principal. There is thus no error in the sentence given appellant here.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 366 N.E.2d 648.