MARGIE DAVIS *v.* STATE OF INDIANA.

[No. 975S208. Filed November 1, 1977.]

154

*Keith A. Dilworth,* Public Defender, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

DEBRULER, J.—On January 10, 1975, appellant was charged by indictment with the offenses of first degree (felony) murder (in the commission of a robbery), Ind. Code § 35-13-4-1, and second degree murder, Ind. Code § 35-1-54-1 (Burns 1975), repealed October 1, 1977. Both counts charged appellant as an accessory before the fact, alleging that she had aided and abetted Carrie Lee Gentry, also known as Carole Lee Smith, and Gladys Hobbs, in beating to death one Adrian Miller in the course of an attempted robbery. Appellant was tried separately from the principals and convicted of first degree murder as an accessory.

Subsequently Gladys Hobbs was allowed to plead guilty to the offense of voluntary manslaughter, Ind. Code § 35-13-4-2 (Burns 1975), repealed October 1, 1977, for her part in this crime. Carrie Gentry was tried by jury and convicted only of assault and battery, Ind. Code § 35-1-54-4 (Burns 1975), repealed October 1, 1977. Hobbs is now on parole and Gentry has served her sentence.

Appellant filed a motion to correct errors and perfected an appeal prior to disposition of Hobbs' and Gentry's cases. Thereafter appellant filed with the trial court under Ind. R.P.C. 1 a petition for post-conviction relief seeking vacation of her conviction and sentence because of the variance between her conviction and Gentry's. The trial court denied the petition pursuant to *Bright* v. *State,* (1972) 259 Ind. 495, 289 N.E.2d 128, holding that it lacked jurisdiction to hear appellant's petition while her appeal was pending. Appellant seeks to raise the issue contained in her post-conviction relief petition by filing a "supplemental brief" and "supplemental record." The State argues that appellant may not "supplement" her appeal, and moves to strike the supplemental materials.

## I.

Appellant argues that *Bright* does not apply to her petition because it seeks correction of an erroneous sentence, which can be made "at any time." She relies on the language of Post-Conviction Rule 1, § 1(a):

"(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute at any time a proceeding under this Rule to secure relief."

Two factors prevent us from accepting appellant's argument. First, as is apparent from the text of section 1(a), the phrase "at any time" refers to all of the grounds for post-conviction relief enumerated in that section. Therefore it offers no basis for distinguishing *Bright*. Moreover, appellant does not seek to correct an erroneous sentence. Appellant was convicted of first degree murder and sentenced to life imprisonment. Her argument is that the conviction for murder cannot stand in view of the inconsistent conviction of her principal. We find no merit to appellant's argument that this case constitutes an exception to *Bright*.

## II.

In *Logal* v. *Cruse*, (1977) 267 Ind. 83, 368 N.E.2d 235, this Court provided in procedure for consideration of motions for relief from civil judgments under Ind. R. Tr. P. 60(B). This procedure requires an appellant seeking relief from the judgment being appealed to obtain permission from the appellate court for the trial court to entertain his motion. The appellate court preliminarily screens the motions and remands to the trial court those cases in which an arguably meritorious motion is sought to be made.

Two considerations underlie our decision in *Logal*. One is the unfairness of requiring a litigant to elect either an appeal or motion for relief as remedy for an improper judgment against him. The other is the economy of judicial resources which can be effected by the avoidance of considering appeals made unnecessary by the granting of Rule 60 relief. We turn now to consider the applicability of these factors to petitions for post-conviction relief made pending appeal.

The petition for post-conviction relief is largely the functional equivalent of the Rule 60(B) motion. Both are procedural vehicles for collateral attack on an adverse judgment, directed to the court rendering the judgment.[1] There are, however, significant differences. Granting a motion for relief from a judgment ordinarily involves vacating the judgment, thereby mooting the appeal. The relief granted in a post-conviction relief proceeding is more variable, see Ind. R.P.C. 1, § 6, and may or may not moot the issues raised on appeal. Moreover, the one-year maximum time limit imposed on many grounds for Rule 60 relief, Ind. R. Tr. P. 60(B)(1) to (4), is not present in the post-conviction rules, and the potential for forfeiture of one remedy by exercise of the other is correspondingly less.

However, this case illustrates the existence of cases in which both the interests of fairness and judicial economy

---

1. Both supersede the common law writ of error coram nobis.

militate in favor of applying the *Logal* procedure to post-conviction relief petitions made pending appeal. Appellant Davis has raised an issue which, if meritorious, would require reduction of her conviction to assault and battery, the maximum penalty for which is six months imprisonment. Appellant has already been in prison for more than two years. Under such circumstances requiring her to await resolution of her appeal to raise this issue in her post-conviction relief petition is hardly less oppressive than forfeiting the 60(B) remedy of a civil litigant. By the same token appellant's post-conviction relief, if granted, is quite likely to moot the issues raised in her direct appeal, since her interest in prosecuting an appeal to invalidate a misdemeanor conviction under which she will no longer be incarcerated is likely to be small.

We hold that where an appellant from a criminal conviction seeks to bring a petition for post-conviction relief pending resolution of his appeal, he may obtain leave from the appellate court under the procedure outlines in *Logal* when the appellate court can find:

(1) that the grounds for relief advanced in appellant's petition have a substantial likelihood of securing appellant relief in the trial court;

(2) that such relief has a substantial likelihood of rendering moot the issues raised on direct appeal and would effect a net savings of judicial time and effort;

(3) that the circumstances of the case are such that undue hardship would result to appellant were he required to await completion of his appeal to petition for post-conviction relief.[2]

To the extent that these criteria are more stringent than those imposed on civil litigants in *Logal,* they are imposed because of the differences between Rule 60(B) and Post-Conviction Rule 1 discussed above.

2. A petitioner for the prior writ of error coram nobis could apply to the appellate court for leave to file a petition for the writ pending appeal, although no definite procedure was defined. See 6 I.L.E. *Coram Nobis* § 52 at 416 (1958).

As in *Logal,* we will proceed to consider appellant's post-conviction relief issue pursuant to *Logal's* procedure, to illustrate the working of that procedure in criminal cases and in fairness to appellant.

## III.

Appellant and the two principals met the victim, Adrian Miller, in a Richmond, Indiana tavern. They lured him from the bar intending to rob him, but discovered that he was carrying only about thirty cents. Thereupon Gentry became enraged and struck Miller a number of times with her fist. Miller collapsed and fell to the ground. The woman left, but returned shortly thereafter and discovered that Miller was dead.

At the trials of both appellant and Gentry the cause of Miller's death was in dispute. Miller's body showed only superficial injury. His blood alcohol level was thirty-three one-hundredths of one percent, which according to the forensic pathologist is a near-fatal level. Miller's right lung had been surgically removed sometime previously. At both trials expert opinions to the effect that blows to the head contributed to Miller's death were offered. Nonetheless appellant was convicted as an accessory to first degree murder, while the principal Gentry was found guilty only of assault and battery, indicating that the jury did not believe that her actions caused Miller's death.

The conviction of a person as an accessory cannot stand absent proof that some person actually committed the offense charged. *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188, 1199. Although the accessory statute, Ind. Code § 35-1-29-1 (Burns 1975), does not require the conviction of the principal as a prerequisite to conviction of an accessory, contrary to the common law rule, see 4 W. BLACKSTONE, COMMENTARIES *40, the law does require a degree of consistency between the convictions of principals

and accessories. As we stated in *Schmidt* v. *State*, (1973) 261 Ind. 81, 300 N.E.2d 86, 87:

> " 'While the law in this area does not require that an accessory's conviction must always be irrevocably tied to his principal's we held that in a situation where there has been two separate judicial determinations on the merits of the respective cases, and where they are contradictory, the law will impose a consistency to their findings.' *Combs* v. *State*, [ (1973) 260 Ind. 294, 295 N.E.2d 366]. See also *McCarty* v. *State* (1873), 44 Ind. 214."

We went on to hold that conviction of the principal of manslaughter requires reduction of the accessory's conviction from murder to manslaughter.

In the present case, appellant's first degree murder conviction as accessory to Gentry cannot stand if Gentry has in fact been convicted of assault and battery for the same acts. Reduction of appellant's conviction to assault and battery would probably moot the numerous issues raised on direct appeal. Requiring appellant to await disposition of her appeal could work a significant increase in the amount of her life sentence served. We therefore find that appellant's petition:

(1) has substantial likelihood of success;

(2) has substantial likelihood of mooting her direct appeal;

(3) and that postponement of consideration of the merits of the petition pending appeal would, under the circumstances of the case, impose undue hardship on appellant.

We, therefore, will remand this case to the Wayne Superior Court for consideration of appellant's petition for post-conviction relief. Such remand order will terminate this appeal and the costs in this Court will be ordered taxed against appellant. If the trial court denies the petition, petitioner should file a motion to correct errors addressed to this denial and appeal the denial. In this new appeal any of the issues raised in the original appeal may be incorporated without being included in the second motion to correct errors. If the

160

trial court grants the petition appellant may reinitiate her appeal by refiling it within the time in which she could have appealed denial of her petition. In such new appeal appellant will have the burden of establishing that the original appeal issues have not been rendered moot by the granting of her petition.

The case is remanded to the Wayne Superior Court for consideration of the petition for post-conviction relief.

Prentice and Pivarnik, JJ., concur; Givan, C.J., concurs in result; Hunter, J., concurs in result; see his opinion in *Logal* v. *Cruse*, (1977) 267 Ind. 83, 368 N.E.2d 235.

NOTE.—Reported at 368 N.E.2d 1149.