Robert James JEWELL, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S2.

Supreme Court of Indiana.

Dec. 13, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Robert James Jewell was convicted of second degree murder by a jury in Howard Circuit Court. He was sentenced to life imprisonment. This Court affirmed the conviction and sentence. *Jewell v. State*, (1973) 261 Ind. 665, 309 N.E.2d 441. After appellant's trial, one of his co-defendants, Charles Young, apparently accepted a plea bargain arrangement and pleaded guilty to voluntary manslaughter and was sentenced accordingly. The other co-defendant, Frank Workman, was never tried for the crime.

On July 14, 1976, appellant filed a petition for post-conviction relief. Appellant has failed to include this petition in the transcript now before this Court, but apparently all parties and the trial court agree that this petition alleged, in part, a disparity in the sentences given appellant Jewell and Charles Young. Appellant also failed to include in the transcript the record of the hearing on this petition; however, Charles Young apparently testified at this hearing that he was the principal of the crime and that appellant Jewell was an accessory. This also appears to be one of the theories Jewell could have been convicted on at the original trial. See *Jewell v. State*, (1973) 261 Ind. 665, 667–68, 309 N.E.2d 441, 443. For purposes of this appeal, we shall assume Jewell was, in fact, convicted as an accessory. In response to this petition, the trial court granted partial relief on September 30, 1976. The court vacated the life sentence and resentenced Jewell to an indeterminate term of fifteen to twenty-five years. No appeal was taken from this ruling.

On June 30, 1977, appellant Jewell filed a second post-conviction relief petition. Initially, this petition alleged, *inter alia*, an "unconstitutional inequality of sentencing." The State answered this claim by arguing that appellant had raised the issue of a disparity of sentences in his first petition and should not be allowed to relitigate the question in a subsequent motion. The State further argued that appellant had waived any similar issues by his failure to raise them in his first post-conviction relief petition.

At the hearing on the second petition and in his supporting memorandum, appellant asserted that the issue is actually whether his conviction as an accessory to second degree murder can stand when no person has been convicted as a principal of second degree murder. In his memorandum, appellant prayed for a vacation of the conviction of, and sentence for, second degree murder. He further requested that the trial court "correct" the conviction to one of voluntary manslaughter, and that he be resentenced accordingly. Appellant argued that this discrepancy in judgments was a "fundamental error" which could not be waived. The trial court denied appellant Jewell's request for relief.

■ We think the trial court properly held that appellant waived any issue concerning the disparity of sentences. Appellant's first petition allegedly raised a question concerning the disparity between his sentence and that of Charles Young. The trial court granted relief based on that allegation, and appellant chose not to appeal that decision. His second petition, in his own words, concerns an alleged "unconstitutional inequality of sentence." This alleged inequality was raised in appellant's first petition, and has been litigated and decided with finality. Appellant cannot raise the question again in a subsequent petition.

■ Additionally, even if appellant's second petition does raise a different question, that of an impermissible inconsistency in *judgments*, we think he has waived the issue. Section 8 of Ind.R.P.C. 1 states in part: "All grounds for relief available to a petitioner under this rule must be raised in his original petition." The alleged inconsistent judgment of which appellant complains arose when Charles Young pleaded guilty to voluntary manslaughter on October 31, 1973. Appellant's first post-conviction relief petition was not filed until July 14, 1976. Thus, any issue concerning an inconsistency in judgments was available to appellant at that time. Appellant has made no showing to the contrary.

Appellant further argues that this claimed inconsistency in judgments constitutes fundamental error and therefore was not waived by his failure to raise the question in his first petition. We do not agree.

Appellant cites *Davis v. State*, (1977) 267 Ind. 152, 368 N.E.2d 1149, for the proposition that his conviction cannot stand when a principal was convicted of a lesser offense subsequent to his trial. In *Davis v. State*, the defendant was convicted as an accessory before the fact of first degree (felony) murder. Subsequently, one of Davis' co-defendants, Gentry, the alleged principal, was tried to a jury for felony murder, but was convicted only of assault and battery. In both trials, the cause of death was in dispute. The jury's verdict in Gentry's case indicated that it did not believe that Gentry's actions caused the death. In that situation, Davis stood convicted as an accessory to a murder which, legally, had not been committed.

The Court in *Davis v. State* pointed out that, while the conviction of a principal is not a prerequisite to the conviction of an accessory, "the law does require a degree of consistency between the convictions of principals and accessories." 267 Ind. at 158–59, 368 N.E.2d at 1152. The Court further stated:

" ' "[W]here there [have] been two separate judicial determinations on the merits of the respective cases, and where they are contradictory, the law will impose a consistency to their findings." *Combs v. State*, (1973) 260 Ind. 294, [301,] 295 N.E.2d 366, [370].' "

267 Ind. at 159, 368 N.E.2d àt 1152, *quoting Schmidt v. State*, (1973) 261 Ind. 81, 82–83, 300 N.E.2d 86, 87. *See Clark v. State*, (1978) Ind., 378 N.E.2d 850, *cert. denied*, 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711. However, we do not find *Davis v. State* to be determinative of this issue.

We believe the rule laid out in *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366 controls this case. In *Combs v. State*, the appellant was tried and convicted of burglary on an accessory theory. However, the alleged principal had previously pleaded guilty to the lesser offense of malicious trespass. The appellant argued that because the principal had been found guilty only of malicious trespass, he could not be convicted as an accessory to the greater offense of second degree burglary. The Court ñoted the general rule quoted above, but distinguished the type of situation found in· *Davis v. State, supra.* "[T]he law will impose a consistency" to contradictory findings concerning an accessory's conviction and a principal's conviction:

> "This is not to hold, however, that the appellant here should prevail in his contention that his conviction must be made consistent with his principal's.

> .    .    .    .    .    .

> [T]he principal in this case was not acquitted of any wrongdoing, or found guilty of some lesser offense, after a trial on the merits, but rather entered a plea of guilty to a charge of malicious trespass. We believe that in the area of mandated consistency between principal's conviction and accessory's conviction thère is a recognizable and legitimate difference between the assumptions which may arise from an acquittal or a finding of guilt on a lesser charge after a trial on a greater, and the acceptance of a plea of guilty by a court.

> Although a guilty plea is recognized as a conviction it has certain aspects to it which make it fundamentally different from the usual process when an accused is convicted.

> .    .    .    .    .

[T]herefore, . . . although courts have recognized a necessity for consistency in certain situations in this area, they have done so because of certain assumptions implicit in a finding by a court after a trial on the merits. However, these same assumptions do not arise, nor are the same forces at work, upon an entrance of a guilty plea. When the principal is found guilty after a trial on the merits of a lesser offense than the one originally charged, an assumption may be made that the State failed to adequately carry its burden on the principal's greater offense . . . .. On the other hand in the situation where a plea to a lesser offense is accepted· by a court it cannot be presumed to be a finding of an acquittal of the greater because of the special nature of the plea bargain that often times underlies it. [T]he very nature of a plea bargain presupposes a restraint by the prosecutor on the punishment to be extracted from the accused."

260 Ind. at 301–03, 295 N.E.2d at 370–71 (emphasis added).

■ The situation found in *Combs v. State* is identical to the one presented here. Appellant Jewell chose to litigate on the merits the charge against him. On the other hand, the alleged principal, Charles Young, entered into a plea bargain arrangement and pleaded guilty to voluntary manslaughter. Thus, while both Jewell and Young have been convicted, we are not presented with two separate judicial determinations *on the merits*. Therefore, these convictions do not present the legal inconsistency which may arise under certain circumstances in the trials of accessories and principals and which the law must correct. *Combs v. State, supra. Compare Davis v. State, supra.* The trial court did not err in refusing to vacate and correct appellant's conviction and sentence.

The judgment of the trial court is affirmed.

All Justices concur.