Bruce Leroy RUFER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 180S11.

Supreme Court of Indiana.

Dec. 22, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner (Appellant) was convicted after trial by jury of being an accessory before the fact to the commission or attempt to commit a felony while armed and conspiracy to commit a felony. He was sentenced to twenty (20) years imprisonment on the accessory charge and to imprisonment for an indeterminate period of from two (2) to fourteen (14) years on the conspiracy charge, sentences to run consecutively. This Court affirmed the conviction. *Rufer v. State*, (1976) 264 Ind. 258, 342 N.E.2d 856. This appeal presents the following issues:

(1) Whether there was an undisclosed agreement between the State and one of its witnesses.

(2) Whether the petitioner's sentence on the accessory charge must be reduced to conform with the sentence subsequently received by the principal.

(3) Whether there was fundamental error in the judgment of conviction for conspiracy.

(4) Whether the merger doctrine is applicable to these convictions.

(5) Whether the trial court's imposition of consecutive sentences was proper.

(6) Whether there was prosecutorial misconduct at the trial.

(7) Whether the evidence was sufficient to support the convictions.

\* \* \* \* \* \*

ISSUE I

Petitioner contends that he was denied due process of law as a result of the State's nondisclosure of all the relevant circumstances which induced the testimony of Craig Caron, an accomplice who was never charged. He attempts to support this claim in several ways.

Caron testified at the petitioner's trial that the prosecutor did not make any offers of leniency. At the later trial of Martin O'Conner, also an accomplice, Caron testified that the prosecutor told him that there was a good chance that he would not be prosecuted. Defendant argues that, based upon the statements at O'Conner's trial, Caron's testimony at the petitioner's trial was perjured.

At the post conviction hearing, Caron again testified that no offer of leniency was made, and that he was told that he probably would not be charged.

The prosecutor testified at both the trial and the post conviction proceeding and explained in detail the facts and circumstances of Caron's case.

"* * * I told him that if he would testify as to what happened, if his testimony was truthful and if it was accurate with other facts that we knew about, that because of these things that he was a juvenile and he wasn't directly involved at the scene, that there was a good possibility that he wouldn't be prosecuted."

Further, Petitioner contends that the prosecutor "practically admitted" in his closing argument to the jury to having made an agreement with the witness. This contention is without support in the record. The "admissions" alluded to were nothing more than references to clearly hypothetical circumstances mentioned to illustrate a weakness in Petitioner's argument.

■ In post conviction proceedings the trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Hoskins v. State*, (1973) 261 Ind. 291, 295, 302 N.E.2d 499, 501. The trial court found that the testimony at the petitioner's trial adequately reflected the circumstances surrounding the testimony of the witness, Caron. The record supports this finding. *Lamb v. State*, (1975) 263 Ind. 137, 143, 325 N.E.2d 180, 183.

■ The prosecutor does have a duty to disclose the existence of agreements made with a State's witness, *Richard v. State*, (1978) 269 Ind. 607, 614, 382 N.E.2d 899, 904 (cases cited therein), *cert. denied*, (1979) 440 U.S. 965, 99 S.Ct. 1515, 59 L.Ed.2d 781; however, the record in this case does not reflect that an agreement was made. See *Baker v. State*, (1980) Ind., 403 N.E.2d 1069, 1071.

## ISSUE II

■ The petitioner contends that his sentence on the accessory charge must be reduced to correspond to the ten (10) year sentence subsequently imposed on Martin O'Conner, the principal. He is correct in asserting that the accessory's conviction must conform to the principal's when there have been two separate judicial determinations on the merits of the respective cases. *Schmidt v. State*, (1973) 261 Ind. 81, 300 N.E.2d 86; *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366. His next assertion, however, is without merit.

In *Tessely v. State*, (1978) 267 Ind. 445, 454, 370 N.E.2d 907, 912, we said:

"When the sentence of the principal is not the result of a trial on the merits, no legal contradiction arises from inconsistent sentences."

Petitioner contends that this statement necessarily implies that when the sentence of the principal *is* the result of a trial on the merits, a legal contradiction *does* arise from inconsistent sentences. But such implication does not necessarily follow. The contrary was held in *Wright v. State*, (1977) 266 Ind. 327, 343, 363 N.E.2d 1221, 1230.

■ As an accessory, the petitioner was subject to the same penalties and the same judicial discretion in their imposition as was the principal. Ind.Code § 35–12–1–1 (Burns 1975). The twenty (20) year sentence is within the parameters set by Ind.Code § 35–12–1–1 (Burns 1975), and we find no error in its imposition. *Wright v. State, supra.*

## ISSUE III

The petitioner contends that the wording of the information charging the conspiracy was defective and that his conviction on that charge, therefore constitutes fundamental error, citing *Miller v. State*, (1968) 250 Ind. 338, 236 N.E.2d 173.

The substance of the claim relates to the information's failure to set out the elements of the robbery, which was the object of the conspiracy.

■ *Miller* does not stand for the proposition that the failure to charge the elements of the underlying felony of a conspiracy is fundamental error.

"To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant,

and the potential for harm must be substantial and appear clearly and prospectively." *Nelson v. State*, (1980) Ind., 409 N.E.2d 637, 638.

■ While this error may be blatant, *Bickel v. State*, (1978) Ind.App., 375 N.E.2d 274 (cases cited therein), the petitioner makes no attempt to show us how the preparation of his defense was impeded or how he was otherwise harmed. He does not satisfy the second requirement of *Nelson* for determining error was fundamental.

## ISSUE IV

The petitioner contends that his convictions should merge, based on *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893. The record shows two separate offenses. *Geisleman v. State*, (1980) Ind., 410 N.E.2d 1293, 1297.

To prove a conspiracy, the State was required to show an agreement to commit a felony. Ind.Code § 35–1–111–1 (Burns 1975). The evidence shows that prior to their driving to the scene of the crime, the perpetrators concluded an agreement to commit the robbery.

■ To prove one guilty as an accessory before the fact, the prosecutor must show that the defendant aided or abetted the commission of a felony, or counseled, encouraged, hired, commanded, or otherwise procured a felony to be committed. Ind. Code § 35–1–29–1 (Burns 1975). The evidence of this offense consists of the testimony of an accomplice, Caron, and the petitioner's confession, which he repudiated at trial.

■ The record shows that while the conspiracy was completed before the robbery began, the jury could reasonably have inferred that the petitioner's aid and encouragement continued until the robbery victim was shot. See *Buhrt v. State*, (1980) Ind., 412 N.E.2d 70.

## ISSUE V

■ The petitioner contends that the trial court's imposition of consecutive sentences was contrary to law. We agree.

Under Indiana's former criminal code, which applied to this case, consecutive sentences were not permitted, unless specifically authorized by statute. *Baromich v. State* (1969) 252 Ind. 412, 416, 249 N.E.2d 30, 33. Ind.Code § 35–12–1–1 (Burns 1975) (Commission of or attempt to commit crime while armed with deadly weapon) allowed the trial court to impose a consecutive sentence for any additional crimes attempted or committed at the same time as the commission of a crime while armed. As discussed in Issue IV above, we find from the record that the conspiracy had been completed before the robbery began. The offenses were not committed at the same time and the statute authorizing consecutive sentences was not applicable.

## ISSUE VI

■ The petitioner contends that the prosecutor engaged in misconduct at the trial in violation of the Code of Professional Responsibility. DR 5–102.

At the trial, the petitioner called the prosecutor as a witness to support his claim of the existence of an undisclosed agreement with Caron. The petitioner asserts that the prosecutor had an ethical duty to disqualify himself from further representing the State after he testified as a witness.

The rule "* * * was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel." *Galarowicz v. Ward*, 119 Utah 611, 620, 230 P.2d 576, 580 (1951)." Code of Professional Responsibility, DR 5–102, n. 31. *Accord Kroungold v. Triester*, (3rd Cir. 1975) 521 F.2d 763, 766.

We find no merit in the petitioner's contention.

## ISSUE VII

■ The petitioner challenges the sufficiency of the evidence to support his convictions.

"The sufficiency of the evidence to sustain the original verdict is not a matter ordinarily subject to review in these pro-

ceedings. The proper time to raise such an issue is upon the original appeal." *Brown v. State*, (1974) 261 Ind. 619, 621, 308 N.E.2d 699, 700.

The substance of the petitioner's argument amounts to an invitation to ignore that his confession was in evidence and could properly be considered by the jury in determining his credibility.

"It is apparent that the appellant has not presented new matter but rather seeks to bring about a review that was available to him upon his original appeal. Such does not lie within the scope of our post conviction remedies." Id. at 622, 308 N.E.2d at 700 (interpreting Ind.R.P.C. 1, section 8).

The State, however, elected to meet this issue upon the merits, rather than to assert the waiver. Therefore, we must do the same, *See Langley v. State*, (1971) 256 Ind. 199, 207, 267 N.E.2d 538, 542–43; *Brown v. State, supra.*

From the verdict it appears that the jury did not believe the petitioner's repudiation of his confession. The confession was similar to the testimony of Craig Caron, an accomplice.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the evidence of each element of the crime charged may be found therefrom beyond a reasonable doubt, the verdict will not be disturbed. (Citation omitted). In such a review, we will not weigh conflicting evidence nor will we judge the credibility of witnesses." (Citation omitted). *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264.

Except with respect to the aforementioned sentencing error, we find no error in the trial court's denial of post conviction relief. The cause is remanded to the trial court with instructions to revise the petitioner's sentence in accordance with this opinion; and in all other respects, the judgment of the trial court is affirmed.

DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., dissents in part and concurs in part with opinion in which GIVAN, C. J., concurs.

PIVARNIK, Justice, dissenting in part and concurring in part.

I must respectfully dissent from the majority opinion wherein it holds under Issue V, that the trial court improperly gave a consecutive sentence to the defendant in his conviction for being an accessory to the charge of robbery while armed. I differ with the majority in its interpretation of the language in the statute of commission of crimes at the "same time" as apparently giving definition to that language to mean that the acts must be done simultaneously. It is true that we have held that a person has committed all of the elements of the crime of conspiracy sufficient for conviction for same prior to the time the crime was committed or even in the event the crime is never completed. In the context here, though, that does not mean the conspiracy has totally ended and is in the time frame of a different time from that of the continuing process that results in the commission of the crime. Our duty is to interpret statutory language to give practical meaning to the words and phrases used therein and not to technically strain them out of proportion to their common usage and obvious intent. When the legislature used the language "same time," it was obviously referring to acts that were all related to each other and were all components of a series of events that were the same. The defendant and his cohorts here, planned this crime, went to the scene they had determined, and committed the crime while they were armed. This was a continuing process and the conspiracy, the acts moving in the direction of the crime, and the actual commission of it were no more than events along the route. To set aside the conspiracy as some act that had been completed and removed from this route for purposes of interpreting this statute, is unrealistic when applied to the facts here as well as when applied to the practical meaning of the statutory language used by the legislature.

I think the trial judge had authority to give a consecutive sentence as he decided to do here and we should affirm him in that judgment.

I concur in all other issues in the majority opinion.

GIVAN, C. J., concurs.