Charles WISE, Appellant,

v.

STATE of Indiana, Appellee.

No. 984S355.

Supreme Court of Indiana.

Dec. 18, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a petition for post-conviction relief. Appellant pled guilty pursuant to a plea agreement to confinement, a class B felony, I.C. § 35–42–3–3, to robbery, a class B felony, I.C. § 35–42–5–1, and to rape, a class A felony, I.C. § 35–42–4–1. He received ten years for confinement, ten years for robbery, and twenty three years for rape. The sentences are to run concurrently.

On October 11, 1983, appellant filed a pro se petition for post-conviction relief. On April 11, 1984, the trial court held a hearing on the petition. After the hearing, the trial court denied the petition and entered its findings of fact and conclusions of law.

Appellant raises one issue on appeal namely, whether he was denied effective assistance of counsel when trial counsel allegedly failed to adequately advise him with regard to his guilty plea.

> In post conviction proceedings Defendant bears, the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980), Ind. [274 Ind. 643], 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740.

*Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

I.

Appellant argues that he was denied effective assistance of counsel. The kernel

of his claim is that his counsel had an unconstitutional conflict of interest due to his representation of a co-defendant in a prior proceeding.

Appellant's counsel was William Wurster. At the trial of two of appellant's co-defendants, the trial court directed Mr. Wurster to advise James Jenkins of his right to remain silent. After giving the advisement, Jenkins testified for the State. Jenkins was involved in the offenses and turned State's evidence as a result of a plea agreement. The two co-defendants were convicted and they received seventy year sentences. After this trial, Mr. Wurster advised appellant that he would be convicted with Jenkin's testimony. Consequently, appellant pled guilty to confinement, robbery and rape. At the time of his pleas, appellant did not know of Mr. Wurster's prior representation of Jenkins.

In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that multiple representation occurred and that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan* (1980), 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Here, the evidence does not show an actual conflict of interest. The potential for an actual conflict of interest existed in that Mr. Wurster might have obtained privileged information in his consultation with Jenkins and such information might have retained its privileged character after Jenkin's testimony. In such case it may have hindered any future cross-examination of Jenkins. However, since neither Jenkins nor Mr. Wurster testified at the post-conviction hearing, this is mere speculation.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.