Suzanne **RAINEY**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee.**

No. 18A02–9004–CR–201.

Court of Appeals of Indiana, Second District.

June 4, 1991.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. and Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## MEMORANDUM DECISION

SULLIVAN, Judge.

Suzanne Rainey (Rainey) appeals her convictions and sentences upon two counts of murder.

\* \* \* \* \* \*

We affirm.

\* \* \* \* \* \*

### VII.

Rainey argues that the evidence is insufficient to support her convictions of murder. Specifically, she argues that the murder convictions are inconsistent with her companion's convictions of voluntary manslaughter.

■ The State correctly notes that upon review of the sufficiency of the evidence, we will look to the evidence favorable to the verdict and will not reweigh the evidence. *Smedley v. State* (1990) Ind., 561 N.E.2d 776. In the present case, the record reveals ample evidence that Rainey knowingly participated in the killings of the two victims. Rainey admitted that she and her companion, Samuel Redwine, were involved in a fight with the victims at Crowder's Gun Shop on December 31, 1988, the night the victims were killed. She further testified that Redwine had a knife and Redwine told her that he "cut" Donnie Smith, one of the victims. Two witnesses testified that they ran into Rainey and Redwine on the same evening and that Rainey said she and Redwine had "stabbed Donnie and left

him laying with his guts hanging out." Record at 875, 890. The two witnesses testified that Rainey had blood on her.

Anthony Robertson testified that he was at Rainey's sister's house on December 31, 1988 and that Rainey and Redwine came to the house that night. He overheard the two arguing about fingerprints on the knife, and saw Redwine wiping a knife. Later, the police came to the house, and Rainey told Robertson to tell the police that she and Redwine were not there. The police found Rainey and Redwine fully dressed in a back bedroom in bed under the covers.

Tracy Hines testified that, while in prison with Rainey, Rainey told her that Rainey and Redwine had gone to a gun shop intending to rob it and had murdered two people. The prosecutor asked whether Rainey had discussed her participation in the fight at the gun shop, and Hines testified that Rainey "told me she held the victims." Record at 1254.

■ This evidence supports Rainey's convictions for murder. Rainey argues that there is no evidence that she killed the victims. However, an accomplice is criminally responsible for the acts of her confederate which are done in the probable and natural consequence of the common plan. *Moredock v. State* (1987) Ind., 514 N.E.2d 1247, 1249; *Harris v. State* (1981) Ind., 425 N.E.2d 154, 156.

> "Evidence indicating the accomplice acted in concert with those who physically committed the elements of the crime is sufficient to support a conviction on the accessory theory." *Moredock, supra,* 514 N.E.2d at 1249.

■ Rainey also argues that the court erred in denying her motion for a verdict of a lesser included offense. She contends that because she was an accessory, her conviction must be viewed in light of, and conform to, Samuel Redwine's conviction of voluntary manslaughter. She then argues that because voluntary manslaughter contains the element of "sudden heat", which is subjective and individualized, she could

not possibly have been an accessory to voluntary manslaughter.[1]

Because the law formerly made, and now makes, no distinction between a principal and an accessory, it is clear that a person may be charged as a principal and convicted as an accomplice or accessory. *Whittle v. State* (1989) Ind., 542 N.E.2d 981. This very principle, prior to a statutory enactment in 1977, dictated the common law precedent represented by *Schmidt v. State* (1973) 261 Ind. 81, 300 N.E.2d 86 and other similar cases. The doctrine required consistency in the guilt determinations of principal and accessory. The *Schmidt* court stated it as follows:

> "In this case both petitioner and the principal to the crime were convicted after separate jury trials on the merits. Both were charged and tried for the offense of first degree murder. The underlying crime in the case of the accessory, the petitioner here, was established as murder, while in the case of the principal, it was found to be manslaughter. This is the legally contradictory situation which was considered in *Combs* [*v. State* (1973) 260 Ind. 294, 295 N.E.2d 366], and in which we must impose a consistency on the findings of the respective trials.
>
> We therefore hold that since there has been a determination on the merits of the degree of guilt of both the accessory and the principal to this crime and since they are contradictory, the petitioner is entitled to have her conviction and sentence reduced accordingly to conform to that of the principal." 300 N.E.2d at 87–88.

*See also Rufer v. State* (1980) 274 Ind. 643, 413 N.E.2d 880; *Jewell v. State* (1979) 272 Ind. 317, 397 N.E.2d 946; *Davis v. State* (1977) 267 Ind. 152, 368 N.E.2d 1149.

However, this rule, reflecting logical consistency, was modified by the 1977 legislative enunciation of a public policy change which reflects a view that each defendant and each trial shall be considered and treated separately and independently. Ind.Code 35–41–2–4 (Burns Code Ed.Repl.1985), effective October 1, 1977,[2] provides in relevant part:

> "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
>
> \*     \*     \*     \*     \*     \*
>
> (3) has been acquitted of the offense."

*See Williams v. State* (1980) 4th Dist.Ind. App., 406 N.E.2d 263. Certainly, if acquittal of a principal does not preclude conviction of an accessory for the crime charged, conviction of the principal for a lesser offense will not have such an effect. Therefore, we need not attempt to reconcile Rainey's convictions with Samuel Redwine's convictions. Consistency is no longer required.

The evidence supports a reasonable conclusion that Rainey was a co-participant in the knowing killing of two victims. The court did not err in denying Rainey's motion for a verdict of a lesser included offense.

\*     \*     \*     \*     \*     \*

The judgment is affirmed.

SHIELDS and GARRARD, JJ., concur.

---

**1.** Rainey's focus upon the factor of sudden heat does not lead to the conclusion which she proposes. While the accessory may not share or contribute to the sudden heat present in the mind of the principal, the accessory may readily contribute to the homicide by an act such as handing the perpetrator a gun, knowing that the recipient is acting under sudden heat.

**2.** Although our Supreme Court's decisions in *Davis, supra,* 267 Ind. 152, 368 N.E.2d 1149, *Jewell, supra,* 272 Ind. 317, 397 N.E.2d 946 and *Rufer, supra,* 274 Ind. 643, 413 N.E.2d 880, were decided after the effective date of Ind.Code 35–41–2–4, the facts underlying those decisions occurred prior to the enactment of that statute. The decisions were therefore governed by the prior common law principle.