CARL KENNEDY *v.* STATE OF INDIANA.

[No. 677S390. Filed December 13, 1977.]

*Richard E. Sallee, White, Johnson, LeMay & Sallee,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Kennedy was convicted of second-degree murder at the conclusion of a jury trial in Marion Criminal Court on August 26, 1976. He was sentenced to fifteen to twenty-five years imprisonment. The crime in question is the stabbing death of Raymond Elliot, which was discovered during a routine patrol by Indianapolis police officer Neil Amos at twelve thirty p.m. on November 2, 1975. Flagged down by an unknown person, Officer Amos was directed to an alley on the corner of North Street and Indiana Avenue. There he saw appellant standing over the body of decedent. Appellant dropped a butcher knife as Officer Amos

approached. Another, smaller knife was found on the ground ten feet from the body.

Three errors are alleged in this appeal: (1) whether a statement made by appellant to the police was properly admitted into evidence; (2) whether appellant was denied the presumption of innocence throughout the trial, and; (3) whether the verdict was supported by sufficient evidence.

## I.

Appellant first asserts that a statement he made to police was improperly admitted into evidence. The claim is that appellant did not knowingly, voluntarily, and intelligently waive his right to remain silent and his right to counsel before this statement was given, and that he was not competent to do so.

The statement in question was given to Indianapolis police officer Jack Ohrberg at Wishard Memorial Hospital shortly after the discovery of the crime. Appellant had been transported there subsequent to his arrest, because of a cut on his right arm. After a reading of the *Miranda* warnings by Officer Ohrberg, appellant stated that he stabbed the decedent because the decedent had attacked and stabbed him. During direct examination at trial, Officer Ohrberg testified that appellant had been coherent during the interview, that he understood and responded responsibly to statements and questions, that he appeared to comprehend what was going on, and that he spoke in an understandable manner. Officer Ohrberg also stated that appellant had some liquor on his breath, was excited, and "just kept talking on" after his rights were read to him, and it is these characterizations upon which the claim of appellant's lack of competency to waive his rights is based. There is no claim or evidence of inducements, threats, or fraud having been practiced upon appellant. Thus, the evidence supports appellant's competency at the time he told his story. A determination of the validity of any waiver of rights is not

necessary to the question of this statement's admissibility, however, in view of the circumstances in which this statement was given.

The situation here is similar to that of *New* v. *State*, (1970) 254 Ind. 307, 259 N.E.2d 696. In *New*, as in this case, there was no formal waiver of *Miranda* rights. Defendant New, talking spontaneously to officers at the scene of the crime where he was arrested for public intoxication, would not permit the arresting officer to speak long enough to even give the *Miranda* warnings. This court held that freely, voluntarily, and spontaneously given statements are not barred by the Fifth Amendment and are admissible into evidence. After the officer's good faith effort to advise defendant New of his constitutional rights, the defendant could not "contend that his constitutional rights were violated because he refused to heed or listen to the officer's attempts to advise him of his rights and continued to make voluntary and spontaneous statements which were later introduced into evidence against him." *New*, 254 Ind. at 313-14, 259 N.E.2d at 700. Appellant's confession in the present case was not at the scene of the crime, but like the confession in *New* was not made in the police station and was closely contemporaneous to the time of the crime. Appellant Kennedy had his *Miranda* rights read to him, and then "just kept talking on." The police were not required to silence appellant, and the principle of the *New* case is applicable here. This statement was freely, voluntarily, and spontaneously given. There was no error in its admission into evidence.

## II.

Appellant next argues that he was denied the presumption of innocence throughout the trial and that the trier of fact failed to reconcile all evidence with the theory of his innocence. His only reference to the record in support of this argument is to facts of the case which he does not believe show sufficient

evidence of his guilt. We deal with this sufficiency issue in part III of this opinion, *infra.* Further, the court gave the following preliminary instruction:

"The law presumes the defendant in this case to be innocent of the commission of any crime, and this presumption continues throughout the trial, step by step.

"You should reconcile the evidence in this case upon the theory of the innocence of the defendant if it can be reasonably and consistently done, and there should be no conviction of the defendant unless each member of the jury is convinced beyond a reasonable doubt of his guilt; for the law contemplates, and indeed demands, the concurrence of twelve minds in the conclusion that the accused is guilty; and so long as you, or any of you, have or entertain a reasonable doubt as to the defendant's guilt you should resolve that doubt in his favor and he should not be convicted."

There is thus no merit whatsoever in the argument that appellant was denied the presumption of innocence throughout the trial.

## III.

The final issue in this appeal is whether the verdict of the jury finding appellant guilty of second-degree murder was supported by sufficient evidence. Appellant argues that there was no evidence in this case to show that appellant either stabbed decedent, or did so with the requisite purpose and malice.

In reviewing the sufficiency of the evidence, this court does not judge the credibility of witnesses nor weigh evidence. We look at only the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. A verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Mosley* v. *State,* (1977) 266 Ind. 675, 366 N.E.2d 648, 649. Further, malice and intent may be inferred from the act of killing, where the evidence shows that defendant used a deadly weapon in such a way

as likely to produce death. *Howey* v. *State,* (1977) 267 Ind. 15, 366 N.E.2d 662, 663.

The evidence most favorable to the state is that appellant, holding two knives, was seen on top of the decedent. Appellant dropped the large butcher knife near the smaller one on the ground when officer Amos drove up in his squad car. The autopsy revealed that the decedent had been stabbed thirteen times, and that these wounds were inflicted by two knives. Appellant's statement to the police was that he stabbed the victim after the victim attacked and stabbed him. This evidence together with the reasonable inferences which may be made from it support the jury's finding that appellant killed decedent with purpose and malice.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 370 N.E.2d 331.