EDITH LOUISE SCHMIDT v. STATE OF INDIANA.

[No. 967S87. Filed March 23, 1971. Original opinion filed December 29, 1970.]

*Patrick N. Ryan, Jack B. Welchons,* of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

## ON PETITION FOR REHEARING

GIVAN, J.—Appellant has filed a petition for rehearing in this cause in which she raises a question which we feel needs further comment. In her original brief she had argued that State's Exhibits 6, 7, 8 and 9, which were tape recordings of statements made by her to police officers, should have been excluded by the trial court for the reason that they were partially inaudible. She cites as authority for this proposition the case of *Brady* v. *Maryland* (1963), 373 U. S. 83, 10 L. Ed. 2d 215, 83 Sup. Ct. 1194. The *Brady* case holds that where a confession of an accomplice was suppressed by the state there was a violation of the due process clause of the Fourteenth Amendment. We do not have such a situation in the case at bar. It is true that small portions of the tapes in question were inaudible. However, they were highly repetitious and the inaudible portions detracted very little, if any, from their total content. In addition, these were not tapes made by third parties or persons unavailable to the defense. These tapes recorded statements made by the appellant herself. She testified at the hearing on the motion to suppress repeating essentially the same statements which were on the tapes. We do not find where she was deprived of any exculpatory statements by reason of the fact that small portions of the tapes were inaudible.

Other matters raised in the petition for rehearing were adequately dealt with in the original opinion.

Petition for rehearing is therefore denied.

Arterburn, C.J., DeBruler and Hunter, JJ., concur; Prentice, J., not participating.

NOTE.—Reported in 267 N. E. 2d 554.