**Charles WILLIAMS,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 3–280 A 46.**

Court of Appeals of Indiana,
Fourth District.

Sept. 18, 1980.

Daniel L. Toomey, Toomey & Woloshansky, Merrillville, for appellant–defendant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee–plaintiff.

CHIPMAN, Judge.

On October 26, 1978, Joseph Davis was killed by shots fired from the window of a white Chevrolet Camaro driven by the defendant, Charles Williams. Williams and Greg Harrison, a passenger, were charged

with the murder. Appellant subsequently filed a motion for severance which was granted. A jury found Harrison not guilty in April of 1979, but on September 4, 1979, a jury found Williams guilty of the lesser offense of reckless homicide. Williams appeals his conviction raising one issue:

Whether the acquittal of co–defendant Greg Harrison precludes the subsequent conviction of Williams when the evidence shows Williams acted only as an accessory to the crime.

Affirmed.

The defendant does not challenge the sufficiency of the evidence which established his guilt. Instead, Williams argues that because the evidence shows his participation in the crime charged was limited to the role of an accessory, the acquittal of Greg Harrison precludes his conviction. This result, argues Williams, is dictated by the decisions of our Supreme Court in *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366 and *Schmidt v. State*, (1971) 255 Ind. 443, 265 N.E.2d 219, *rehearing denied* (1971) 256 Ind. 218, 267 N.E.2d 554, *modified* (1973) 261 Ind. 81, 300 N.E.2d 86, and by the principles of collateral estoppel and "evenhanded justice." We hold the prosecution and conviction of Williams was not barred by the acquittal of Greg Harrison.

■ In *Combs v. State, supra,* our Supreme Court restated the common law rule which precludes the conviction of an accessory where the principal to the crime has been tried and acquitted. 295 N.E.2d at 370. Justice DeBruler wrote:

"It is clear that an accessory's conviction need not always be irrevocably tied to the principal's. The rule . . . is that where there has [sic] been two separate judicial determinations on the merits of the respective cases, and where they are contradictory, the law will impose a consistency to their findings."

*Id.* See also *Schmidt v. State, supra; McCarty v. State*, (1873) 44 Ind. 214. However, regardless of its desirability, this common law rule was abrogated with the passage of Ind.Code 35–41–2–4, effective October 1, 1977. Section 4 provides:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

. . . . .

(3) has been acquitted of the offense."

■ Defendant Williams suggests that in spite of IC 35–41–2–4(3), the principles of collateral estoppel and double jeopardy enunciated by the United States Supreme Court in *Ashe v. Swenson*, (1970) 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, preclude the conviction of an accessory following the acquittal of his principal. However, in *Ashe* the court was concerned with a second prosecution of the *same defendant* where common issues of ultimate fact had already been determined in the prior adjudication. As the Double Jeopardy Clause prevents the government from making repeated attempts to convict an individual for an alleged offense, the Supreme Court held the established federal rule of collateral estoppel[1] was embodied in the Fifth Amendment.

Defendant Williams, however, was tried only once. *Ashe* certainly does not preclude his conviction in the present case. In *United States v. Hatrak*, 588 F.2d 414 (3rd Cir. 1978), the U.S. Court of Appeals held application of the so–called doctrine of "non-mutual collateral estoppel" is not required by either the due process or double jeopardy clauses of the United States Constitution. *See also U. S. v. Standefer*, 610 F.2d 1076 (3rd Cir. 1979). We agree.

■ Furthermore, we take issue with the defendant's characterization of his conviction as inconsistent with or contradictory to

1. Justice Stewart wrote:

"Collateral estoppel is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *between the same parties* in any future law suit." (emphasis added)
397 U.S. at 443, 90 S.Ct. at 1194.

the acquittal of Greg Harrison. Evidence at the trials of both Williams and Harrison showed there were at least five adults seated in the white Camaro when the shooting occurred. The car was driven by Williams. During Harrison's trial, defendant Harrison took the stand and testified that he was elsewhere at the time of the killing; this alibi was corroborated by the testimony of four other witnesses. The victim's brother, Richard Davis, testified Harrison was not one of the men he saw in the white Camaro at the time of the shooting. However, evidence at both trials did establish Williams' role as an accessory to the killing. The acquittal of Greg Harrison certainly *does not* prove a crime was not committed and therefore there was no felony for Williams to be an accessory to; Harrison's acquittal more likely demonstrates the principal in this crime has never been brought to trial. Under the facts of this case, we find no inconsistency in the two verdicts.

The defendant's conviction is affirmed.

YOUNG, P. J., concurs.

MILLER, J., concurs in result.