**Fredrick HATTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–9312–CR–1388.

Supreme Court of Indiana.

Dec. 16, 1993.

Brad C. Angleton, R. Victor Stivers, R. Victor Stivers & Associates Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Fredrick Hatton appeals his convictions for murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1993), and robbery, a class A felony, Ind.Code Ann. § 35–42–5–1 (West 1986). The trial court sentenced him to sixty years for murder and thirty years for robbery, penalties to be consecutive.

This case was originally docketed in this Court late in 1990. Counsel for Hatton sought a remand to the trial court in order to pursue a petition for post-conviction relief. We granted this request and terminated the appeal then pending pursuant to *Davis v. State* (1977), 267 Ind. 152, 368 N.E.2d 1149. After the trial court denied Hatton's post-conviction petition, Hatton initiated a new appeal, presenting both the issues which would have been addressed in the original appeal and those concerning the post-conviction proceeding. This was altogether appropriate under *Davis*. Counsel docketed this new appeal in the Court of Appeals, presumably because of the post-conviction claim. All post-conviction appeals in non-capital cases are now docketed in that court pursuant to Ind. Appellate Rule 4, which was not the case when *Davis* was written. In any event, the present appeal could have been docketed here, and we grant transfer to consider all the issues raised by Hatton.

The evidence favorable to the judgment reveals that Hatton's convictions arose out of events following his discharge from employment at a store called Stereo Concepts in Indianapolis. Equipment stolen from the store, including a Kenwood pull-out radio, was found in Hatton's car on November 9, 1988. Hatton was arrested and charged with theft. While he was in jail, Hatton spoke on the telephone several times with store owner Charles Miller, asking him to drop the charges. Miller declined, and Hatton was eventually tried and convicted. He was set for release on the morning of November 25, 1988. The evening of the 24th, Hatton called Miller to ask whether Stereo Concepts would be open on the 25th. Miller said it would be.

Hatton was released from the Marion County Jail about 5 a.m. on the morning of November 25. A few hours later, Miller found the manager of Stereo Concepts, Paul Guieb, lying dead in a pool of blood in the store's garage. Forensic testimony at trial showed that Guieb died from multiple .32 gauge gunshots to the head. He was shot once in the ear at a range of two feet. Both money and stereo equipment were missing, including Kenwood radios of the type which fit Hatton's car. Hatton's brother saw him on the afternoon of the murder and noticed he had a radio in his car again. Hatton declared he was "out and boomin' again."

Miller noticed Hatton standing outside Stereo Concepts while the police were there to investigate the murder. Hatton made various statements about his presence, including a contention that he learned about Guieb's death by going down to Stereo Concepts on the morning of the 25th and walking in an open door, at which point he saw Guieb. Asked by an acquaintance, Darryl Lewis, whether he killed Guieb, Hatton relied, "Yeah," but urged Lewis to "keep this between you and me." Evidence concerning Hatton's ownership of a .32 caliber weapon was in dispute. On the other hand, one of the investigating officers who interrogated Hatton noticed him surreptitiously sniffing the gloves he wore to the interrogation after being informed that weapons leave powder residue behind after being discharged.

██ Hatton argues that the evidence at trial was not sufficient to sustain his convictions for murder and robbery. On appeal, this Court does not weigh the evidence or judge the credibility of the witnesses. We look only to the evidence favorable to the judgment. If there was substantial evidence probative of each element of the crimes, we affirm. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 The foregoing evidence was certainly sufficient to permit a jury to convict on murder and robbery. Hatton did present testimony by way of alibi, but this evidence still left thirty-five to forty-five minutes of his morning unaccounted for. Indeed, the alibi evidence itself placed Hatton in the vicinity of Stereo Concepts about the time of the murder.

██ Hatton further asserts that the trial court erred by admitting evidence of his discharge from Stereo Concepts and his related theft conviction. He cites the general rule that evidence of crimes other than the charged offense are inadmissible. *King v. State* (1984), Ind., 468 N.E.2d 226. This evidence was admissible, however, to demonstrate that Hatton had a motive to commit the instant crimes. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334.

Finally, Hatton contends that the trial court erred in denying him post-conviction relief on grounds of newly discovered evidence. The Court of Appeals affirmed the denial of the petition. *Hatton v. State* (1993), Ind.App., 622 N.E.2d 244. We affirm the Court of Appeals' disposition of this issue. Ind. Appellate Rule 11(B)(3).

Accordingly, the judgment of the trial court is affirmed.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.