**Ackley FORREST, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9411–CR–408.**

Court of Appeals of Indiana.

Sept. 22, 1995.

Transfer Denied Nov. 29, 1995.

---

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Ackley Forrest appeals his conviction for murder.[1] Forrest raises four issues on appeal which we restate as follows:

    I. Whether Forrest was denied due process by the State's cross-examination of Forrest's character witnesses on matters not relevant to the character trait in issue.

---

1. IND.CODE § 35–42–1–1(1).

II. Whether Forrest was denied due process when the State presented evidence of uncharged drug use.

III. Whether the trial court erred in excluding the testimony of Forrest's sister about a bloody shirt.

IV. Whether the evidence was sufficient to support the conviction.

We affirm.

The facts most favorable to the judgment are as follows. After receiving his paycheck, Forrest left a restaurant where he worked. He met two friends, Curtis Mahone and Katrinka Jones, and the three drove around, smoked cocaine, and drank liquor. Later that evening, the three went to the home of a mutual friend, Eugene Joiner, who gave them twenty dollars to buy beer and cigarettes. When they returned, they gave Joiner the change which was about eight dollars. Joiner put the money in his pocket.

While at the home, Forrest asked Jones to ask Joiner for money; Joiner would not give her any. The three then each drank a beer and left Joiner's home between 11:00 p.m. and midnight. After taking Jones home, Forrest and Mahone picked up Forrest's cousin, Kim Jackson. This new trio, without money, attempted to obtain cocaine, but failed. Mahone then drove Forrest to Joiner's home, and after Forrest was allowed inside Mahone drove away.

Forrest admitted returning to the home and, after a confrontation, hitting Joiner with a chair. About one hour later, Jackson saw Forrest who had recently acquired some cocaine.

Joiner's body was discovered two days later. He had been killed by blunt instrument injuries to the head and body. Police found a broken chair at the crime scene with blood stains that matched Joiner's. Further, Joiner had no money on his person.

## I.

### *Cross–Examination*

Forrest first argues that he was denied due process when the State cross-examined his character witnesses on improper matters. Forrest bases this argument on the State's

questioning Forrest's witnesses about prior arrests for resisting law enforcement and disorderly conduct after the character witnesses testified to Forrest's reputation for peacefulness.

Our rules of evidence allow character evidence to be introduced only under specific circumstances. The rules state, in part:

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> (1) *Character of Accused.* Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, ...

Ind. Rules of Evidence 404(a). The rules go on to state that:

> In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct....

I.R.E. 405(a).

Forrest presented the testimony of his father and his supervisor at the restaurant about his reputation for being a violent or peaceful person. On cross-examination, the State asked the witnesses if they were aware of Forrest's prior arrests for disorderly conduct and resisting law enforcement.

■ Forrest argues that these crimes were not related to the trait of nonviolence or peacefulness. We disagree. Forrest's arrest for disorderly conduct occurred after he wrestled with police; his arrest for interfering with law enforcement occurred after he attempted to free his sister from a lawful arrest. Though the above crimes do not, by definition, involve violent or non-peaceful behavior, under these facts they most certainly do. Therefore, we consider both crimes relevant to Forrest's alleged peaceful nature and therefore admissible under I.R.E. 404(a) to rebut the evidence of peacefulness presented

by Forrest.[2]

## II.

### *Cocaine Use and Purchase*

Forrest next argues that he was denied due process by the State's introduction of evidence of Forrest's cocaine purchases and use on the night in question. Forrest claims this testimony was irrelevant and prejudicial.

■ Uncharged misconduct evidence is admissible if demonstrative of the defendant's motive to commit the crime. *Hatton v. State* (1993), Ind., 626 N.E.2d 442, 443. I.R.E. 404(b)[3] generally admits evidence of prior bad acts unless that evidence is offered solely for the "forbidden inference" that the defendant is a bad person and conformed to that character by committing the charged crime. *Swain v. State* (1995), Ind.App., 647 N.E.2d 23, 24, *trans. pending.*

■ The State introduced this evidence to show Forrest's motive for committing the crime: to steal money to purchase cocaine. This explained both Forrest's need for money and how that need might drive him to extreme, violent action. Thus, the evidence was offered for purposes other than the forbidden inference.

■ Even if admissible under I.R.E. 404(b), however, the probative value of the evidence must still outweigh its prejudicial impact. I.R.E. 403; *Swain, supra,* at 25. Since this evidence is highly probative of Forrest's motive and was introduced only to the extent necessary to demonstrate that motive, we conclude that the probative value of the evidence outweighs what prejudicial impact it might have had.

## III.

### *Admissibility of Bloody Shirt*

Forrest next argues that he was denied the ability to present evidence in his defense.

He bases this argument on the trial court's exclusion of a bloody shirt in the possession of Forrest's sister, Donna.

■ The trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.*

■ Forrest tried to introduce the shirt into evidence without establishing any connection between the garment and the crime. Donna claimed that Jackson gave her the bloody shirt and told Donna that she had soiled the shirt while suffering from a bloody nose. Forrest did not present testimony that the blood on the shirt belonged to the victim, the murderer, or had any link to the crime. Since Forrest failed to establish any link between the shirt and the crime, the trial court did not abuse its discretion in ruling that the shirt was inadmissible.

## IV.

### *Sufficiency of Evidence*

Finally, Forrest argues that the evidence is insufficient to support his conviction. He points to testimonial conflicts and gaps in the evidence.

■ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

■ The evidence most favorable to the judgment reveals that Forrest purchased cocaine, smoked it, and then went to Joiner's home and asked him for money. Joiner refused. After Forrest and his friends left,

---

**2.** Forrest attempts to distinguish the character trait of peacefulness from the trait of nonviolence. We refuse to make the fine distinction between nonviolence and peacefulness; the arrests are relevant given the underlying circumstances.

**3.** The rule reads, in part, as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive.... I.R.E. 404(b).

Forrest said that he knew Joiner had some money. Forrest then attempted to acquire cocaine, but failed. Forrest then returned to Joiner's home and, after a confrontation, hit him with a chair. Several days later, Joiner was found dead from blunt head wounds and the money was missing from his person. The crime scene was littered with blood and fragments of a broken chair. Finally, immediately after Forrest's confrontation with Joiner, Forrest had successfully acquired cocaine where before he had failed.

This evidence was sufficient to support Forrest's conviction. The minor evidentiary conflicts pointed out by Forrest are to be resolved by the trier of fact. *Pillow v. State* (1985), Ind., 479 N.E.2d 1301, 1304.

For these reasons, we conclude that Forrest was not denied due process at his trial, and the evidence was sufficient to support his conviction.

Affirmed.

GARRARD and BARTEAU, JJ., concur.