Darrell L. MANUEL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A01–0212–CR–484.

Court of Appeals of Indiana.

Aug. 26, 2003.

Mark A. Smith, Plainfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Darrell L. Manuel appeals his convictions for two counts of Class A felony child molesting[1] and one count of Class C felony child molesting.[2] We affirm.

### Issues

Manuel raises two issues for review, which we restate as the following three:

I. Whether the trial court committed fundamental error in instructing the jury;

II. Whether the admission of prior uncharged molestations was fundamental error; and

III. Whether Manuel received ineffective assistance of counsel.

**1.** Ind.Code § 35–42–4–3(a)(1).

### Facts and Procedural History

The facts most favorable to the convictions indicate that on September 17, 2001, Manuel molested his ten-year-old daughter, D.M. while babysitting her in his trailer. Manuel touched D.M.'s anus and vagina with his hands, anally and vaginally penetrated her with his penis, and had her perform fellatio.

On September 18, 2001, D.M. told school officials that her father had raped her. That day, a doctor examined D.M. An oral swab tested positive for seminal material but negative for DNA material. Remaining tests detected no additional signs of molestation.

The State charged Manuel with two counts of Class A felony child molesting for performing sexual intercourse and deviate sexual conduct with D.M. and one count of Class C felony child molesting for fondling and touching D.M. On October 9, 2002, a jury found Manuel guilty as charged. Manuel now appeals.

### Discussion and Decision

#### I. Jury Instruction

Manuel challenges the following jury instruction: "A conviction for child molesting may rest solely on the uncorroborated testimony of the child witness." Appellant's App. at 78. Because Manuel did not object to the instruction at trial, he has waived this issue on appeal. *See Boesch v. State*, 778 N.E.2d 1276, 1279 (Ind.2002). To avoid procedural default, he contends that giving the instruction was fundamental error.

The "fundamental error" rule is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting

**2.** Ind.Code § 35–42–4–3(b).

error denies the defendant fundamental due process. When determining whether a defendant suffered a due process violation based on an incorrect jury instruction, we look not to the erroneous instruction in isolation, but in the context of all relevant information given to the jury, including closing argument, and other instructions. There is no resulting due process violation where all such information, considered as a whole, does not mislead the jury as to a correct understanding of the law.

*Id.* at 1279 (citations and quotation marks omitted).

■ Manuel contends that the giving of the instruction was fundamental error because it unfairly focused on D.M.'s testimony and because the use of the term "uncorroborated" could have misled the jury.[3] The instruction and other relevant information, however, did not mislead the jury as to a correct understanding of the law. *See Stewart v. State*, 768 N.E.2d 433, 436 (Ind.2002) (noting that "the uncorroborated testimony of a child victim is sufficient to support a conviction for child molesting"). The trial court instructed the jury on all elements of the charged offenses, the State's burden of proof, and its role in assessing witness credibility. As such, we conclude that giving the instruction was not fundamental error.

## II. Admission of Prior Uncharged Molestations

Manuel challenges the admission of D.M.'s testimony regarding prior un-

charged molestations. Because Manuel did not object to D.M.'s testimony at trial, he has waived this issue for appeal. *See Oldham v. State*, 779 N.E.2d 1162, 1170 (Ind.Ct.App.2002). To avoid procedural default, he contends that the admission was fundamental error.

The fundamental error exception is extremely narrow. To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. To be fundamental error, the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process.

*Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind.2000) (citations and quotation marks omitted).

At trial, the prosecutor questioned D.M. as follows:

Q Now, will you tell the jury how old you were when you first started getting bad touches from your dad?

A Five.

Q Five? Where did you live at that time?

A We was living, I think, I can't remember.

Q Was it in the trailer park?

A No.

Q Do you know what town it was in?

A It was somewhere down on Bevile.

---

**3.** As Manuel observes, our supreme court recently held that giving this instruction was error:

The challenged instruction is problematic for at least three reasons. First, it unfairly focuses the jury's attention on and highlights a single witness's testimony. Second, it presents a concept used in appellate review that is irrelevant to a jury's function as fact finder. Third, by using the technical

term "uncorroborated," the instruction may mislead or confuse the jury.

*Ludy v. State*, 784 N.E.2d 459, 461 (Ind.2003). The court stated, however, that its new rule "applie[d] to Ludy and others whose cases properly preserved the issue and whose cases [were then] pending on direct appeal." *Id.* at 462. Because Manuel did not preserve the issue at trial, the rule stated in *Ludy* does not apply.

Q  On Bevile?

A  Yeah.

Q  Is that a street?

A  Yeah.

Q  Bevile Street?

A  Yeah.

Q  And you were five years old?

A  Yes.

Q  And uh ... how many times did you get touches like that when your dad lived there on Bevile?

A  I can't remember.

Q  Was it more than once?

A  Yes.

Tr. at 38–39.

■■■ The State contends that D.M.'s testimony was admissible under Indiana Evidence Rule 404(b), which reads in relevant part as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" The State contends that D.M.'s testimony was admissible to show a relationship between D.M. and Manuel for the purpose of proving identity. We disagree.

The identity exception in Rule 404(b) was crafted primarily for crimes so nearly identical that the modus operandi is virtually a "signature." The exception's rationale is that the crimes, or means used to commit them, were so similar and unique that it is highly probable that the same person committed all of them. The analysis of admissibility under Rule 404(b) incorporates the relevancy test of Rule 401 and the balancing test of Rule 403. First, the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and [second,] the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403.

*Allen v. State*, 720 N.E.2d 707, 711 (Ind. 1999) (citations and quotation marks omitted; brackets in *Allen*). Given that D.M.'s testimony regarding the prior molestations was extremely vague, we conclude that it was inadmissible under the identity exception of Rule 404(b). The only purpose of D.M.'s testimony was to establish that Manuel had a propensity to commit child molesting; as such, it was inadmissible under Rule 404(b).

■■■ We now determine whether the admission of D.M.'s testimony was fundamental error. "As a general rule, the erroneous admission of evidence of extrinsic acts is not fundamental error." *Williams v. State*, 634 N.E.2d 849, 854 (Ind.Ct.App.1994). "In determining whether error in the introduction of evidence affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury." *Oldham*, 779 N.E.2d at 1170. D.M.'s testimony regarding the uncharged molestations was brief and lacked detail. In contrast, her testimony regarding the charged molestations was lengthy, detailed, and graphic. *See* Tr. at 41–47. Evidence supporting Manuel's convictions consisted of D.M.'s testimony, physical evidence of seminal material in her mouth, and testimony that he babysat D.M. on the night of the charged molestations. We conclude that the admission of D.M.'s testimony regarding the prior uncharged molestations had a minimal impact on the jury, did not deny Manuel fundamental due process, and therefore was not fundamental error. *See Goodwin v. State*, 783 N.E.2d 686, 686–87 (Ind.2003) (concluding that admission of testimony from multiple witnesses of de-

fendant's prior bad acts was not fundamental error).

### III. Ineffective Assistance of Counsel

██ Manuel contends that his trial counsel was ineffective in failing to object to D.M.'s testimony regarding the prior uncharged molestations. "To prevail on a claim of ineffective assistance of counsel, [Manuel] must show two things: (1) the lawyer's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Segura v. State*, 749 N.E.2d 496, 500–01 (Ind.2001) (citations and quotation marks omitted). "The two prongs of this test are separate and independent inquiries, allowing us to dispose of a claim based on the failure to establish prejudice alone." *Haycraft v. State*, 760 N.E.2d 203, 213 (Ind.Ct.App.2001). Given our determination that the admission of D.M.'s testimony regarding the prior uncharged molestations was not fundamental error, we cannot conclude that there is a reasonable probability that the result of Manuel's trial would have been different.

Affirmed.

NAJAM, J., and BAILEY, J., concur.