# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

May 23 2012, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

WILLIE HUGULEY,                          )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )    No. 49A02-1105-CR-413
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Tanya Walton Pratt, Judge
Cause No. 49G01-9808-PC-71583

**May 23, 2012**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Willie Huguley is attempting to revive his original appeal and appeal the denial of his petition for postconviction relief. We conclude that Huguley cannot receive belated appellate review of the denial of postconviction relief, but we remand to the trial court to determine whether he has been without fault and diligent in pursuit of his original appeal.

In 1999, Huguley was convicted of two counts of child molesting, both as Class A felonies, and of a third charge of child molesting as a Class C felony. Ind. Code § 35-42-4-3 (1996). His counsel timely initiated an appeal to this Court, indicating in the Notice of Appeal that the anticipated issues on appeal were insufficiency of the evidence and ineffective assistance of trial counsel. On February 15, 2000, Huguley, by counsel, petitioned this Court to terminate the appeal and remand the cause to the trial court to allow Huguley to seek postconviction relief and litigate the issue of ineffective assistance of trial counsel. The petition was granted by this Court, terminating the appeal and remanding to the trial court.

Huguley's counsel did file his petition for postconviction relief on April 12, 2002. The trial court, after a hearing on the petition, entered findings and conclusions of law denying postconviction relief on February 7, 2003. From the record, it appears that no Notice of Appeal was ever filed to initiate an appeal from the denial of postconviction relief.

On May 3, 2011, Huguley's present counsel filed an appearance and Petition for Belated Perfection of Appeal ("Petition") here under 49A05-9911-CR-504 ("CR-504"), the original appeal cause. After some administrative shuffling, the current cause 49A02-1105-CR-413 ("CR-413") was opened, and the case has continued on that docket. On

2

October 11, 2011, the motions panel granted Huguley's Petition and directed transfer of all filings from CR-504 to CR-413. Next, Huguley, through counsel, tendered a Verified Motion to Temporarily Stay and Remand to Trial Court. The motions panel ordered that motion to be held in abeyance to be ruled on by the writing panel. Thereafter briefing was completed and the tendered motion is before us.

In the Petition for Belated Perfection of Appeal, Huguley asserted that he had been unaware that his petition for postconviction relief had been denied or that no Notice of Appeal had been filed. Further, he asserted that he was without sufficient legal or factual knowledge to know what had transpired in his case or how to proceed. The failure to file a Notice of Appeal or a motion to otherwise reinstate his direct appeal, he alleges, was not his; and he has been diligent to determine why his appeal was not pursued, to obtain counsel, and to request permission to pursue a belated appeal.

*Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977), and *Hatton v. State*, 626 N.E.2d 442 (Ind. 1993), establish and recognize that during the pendency of an appeal from a conviction, a defendant may have issues which could be the basis for postconviction relief in addition to the issues raised on appeal. In such a circumstance, on request, the appellate court may terminate the appeal and grant remand so the petition for postconviction relief can be heard. If postconviction relief is granted, the issues originally on appeal may be mooted and no further appeal is necessary. If postconviction relief is denied, an appeal may be taken from the denial and the issues originally raised on appeal may be added to the postconviction appeal. *See Hatton*, 626 N.E.2d at 442.

In this case, an appeal from the denial of postconviction relief was not initiated by the filing of a Notice of Appeal. Huguley may not turn to Indiana Postconviction Rule 2(1) to seek leave to file a belated Notice of Appeal because Postconviction Rule 2 does not apply to appeals from postconviction proceedings. *See Taylor v. State*, 939 N.E.2d 1132, 1135 (Ind. Ct. App. 2011) (citing *Greer v. State*, 685 N.E.2d 700, 703 (Ind. 1997)). It also appears that Huguley may not seek belated perfection of the postconviction appeal under Indiana Postconviction Rule 2(3) because, again, the appeal would be from a postconviction proceeding and, like Postconviction Rule 2(1), Postconviction Rule 2(3) would not apply, because no timely Notice of Appeal was filed as required by Postconviction Rule 2(3)(a). As things stand, there is no appeal available from the denial of Huguley's petition for postconviction relief.

However, there remains the matter of "revival" of the original appeal which was terminated to permit the postconviction process to go forward. Review of this issue requires us to examine Indiana Postconviction Rule 2(3), which provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the appellate tribunal for permission to pursue a belated appeal of the conviction or sentence if:
>
>> (a) the defendant filed a timely notice of appeal;
>>
>> (b) no appeal was perfected for the defendant or the appeal was dismissed for failing to take a necessary step to pursue the appeal;
>>
>> (c) the failure to perfect the appeal or take the necessary step was not due to the fault of the defendant; and
>>
>> (d) the defendant has been diligent in requesting permission to pursue a belated appeal.

In this case, the original appeal was timely initiated, satisfying Postconviction Rule 2(3)(a). Although the present case may not precisely fit Rule 2(3)(b), it is clear that there was failure to take a necessary step to pursue the appeal. That is, Huguley did not pursue the appeal of the postconviction judgment, which was a necessary step to bring forward the issues from the original appeal. We think the requirement of Rule 2(3)(b) has been met.

That brings us to the requirements of Postconviction Rule 2(3)(c) and (d). Huguley must demonstrate that the failure to perfect the appeal from the postconviction denial was not due to his fault. Huguley must also demonstrate that he has been diligent in requesting permission to pursue a belated appeal.

Huguley contends that he has met the burden by these statements under the penalty of perjury:

18. Mr. Huguley's direct appeal was terminated on motion by his counsel, who had sought a stay of the direct appeal.

19. Mr. Huguley was unaware his PCR was denied by the Marion Superior Court or that no Notice of Appeal was filed with the Marion Superior Court.

20. The filing of a Notice of Appeal or a motion to otherwise reinstate his direct appeal was the necessary step to take to pursue his direct appeal, but Mr. Huguley was without sufficient legal or factual knowledge to know what had transpired in his case or how to proceed in his case.

21. The failure to take the steps described in paragraph 20 was not Mr. Huguley's as Mr. Huguley would have taken whatever steps were necessary to reinstate and pursue his direct appeal.

22. Mr. Huguley has been diligent in trying to determine why his appeal was not pursued, in securing post-conviction counsel, and in otherwise requesting permission to pursue a belated appeal.

5

Appellant's App. pp. 54-55. The State contends that such conclusory assertions are insufficient to show diligence and lack of fault.

Huguley's assertions are not in themselves sufficient to carry his burden, but they are sufficient for us to allow him an opportunity to make a factual case to support the allegations. We grant Huguley's Verified Motion to Temporarily Stay and Remand to Trial Court in part. We terminate this appeal and remand this cause to the trial court to determine whether or not Huguley's failure to pursue the appeal of the postconviction judgment was his fault and whether or not Huguley has been diligent. If the trial court finds favorably, he may return to this Court and continue the appeal of his case as originally initiated. There can be no appeal of the postconviction denial.

Remanded.

BAILEY, J., and CRONE, J., concur.