**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FIONA C. LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1208-CR-420 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol J. Orbison, Judge
Cause No. 49G22-1008-FA-59143

**May 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Fiona Lee (Lee), appeals her conviction for neglect of a dependent, a Class A felony, Indiana Code § 35-46-1-4.[1]

We affirm.

## ISSUES

Lee raises two issues on appeal, which we restate as follows:

1.  Whether there is sufficient evidence to support her conviction; and

2.  Whether fundamental error occurred when the trial court admitted evidence that Lee had ammunition and a second loaded gun upstairs in her bedroom.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict reveal that in July 2010, Lee and her boyfriend lived in a two-story house with Lee's three children, six-year-old daughter Am.; four-year-old son Av.; and three-year-old daughter, Au. Lee's boyfriend's four-year-old son, C., had recently moved in with them.

On July 29, 2010, Lee spent the morning at home. She and the children worked outside, and when it started getting too hot, Lee took Am. in the house because of the child's asthma problems. While Am. was upstairs watching television, and the younger children were still outside playing, Lee decided to take a shower downstairs. After the shower, as she walked upstairs to get dressed, Lee noticed that her loaded .45 caliber

---

[1]A jury also convicted Lee of possession of marijuana, a Class D misdemeanor, Indiana Code § 35-48-4-11. She does not appeal that conviction.

semi-automatic handgun was lying on a plastic set of drawers sitting on a microwave cart in the kitchen. Lee walked right past the gun and did not pick it up or move it.

Shortly thereafter, Lee heard a "pop" from downstairs. (Tr. p. 343). Lee ran down the stairs just as C. was walking out the back door. Au. was lying on the kitchen floor with a gunshot wound to her head. Lee realized that C. had picked up the gun on the microwave cart and used it to shoot Au. Lee immediately contacted the police. When the officers arrived at the house, they searched it and found marijuana in an ashtray under the couch in the living room. The officers also discovered a loaded .22 caliber revolver in the closet in Lee's bedroom, as well as a box of .45 caliber semi-automatic ammunition and magazines on a nightstand.

Au. was transported to Riley Hospital by ambulance where she died later that day. When Lee arrived at the hospital, she was taken to a quiet room near the emergency room. She told Department of Family Services Fatality Specialist Kama Grund that she had noticed the loaded handgun on the microwave stand as she went upstairs to take a shower. Lee also told Detective Edward Miller that she noticed the handgun in the kitchen right before the shooting but did not move it. Au. died from the gunshot wound to her head later that afternoon. That same evening, Detective Miller and another detective interviewed Lee at their office. Lee told the officers that she saw the handgun in the kitchen but did not pick it up.

On August 2, 2010, the State filed an Information, charging Lee with neglect of a dependent as a Class A felony, possession of cocaine as a Class D felony, and possession

3

of marijuana as a Class A misdemeanor.[2] At trial, the state introduced without objection Lee's .45 caliber handgun, the box of .45 caliber semiautomatic ammunition recovered from Lee's bedroom, and the .22 revolver recovered from her bedroom closet. A jury convicted Lee of neglect of a dependent as a Class A felony and possession of marijuana as a Class A misdemeanor.

On August 3, 2012, the trial court sentenced Lee to thirty years with twenty years suspended and five years probation for the Class A felony and one year for the Class A misdemeanor, with sentences to run concurrently. The trial court also had Lee placed on the waiting list for a program at Craine House, and she was ordered to serve her time in the Department of Correction until a spot became available in this program.[3]

Lee now appeals. We will provide additional facts when necessary.

## DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

Lee first argues that there is insufficient evidence to support her conviction. Specifically, she contends that the State "failed to prove the mens rea element of the offense." (Appellant's Br. p. 9). In reviewing a challenge to the sufficiency of the evidence, this court neither reweighs the evidence nor judges the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we will consider only the

---

[2] The jury did not convict Lee of possession of cocaine.

[3] Craine House offers a court-ordered alternative sentencing work-release program that serves non-violent female offenders with pre-school children. The program allows women to serve their sentences with their children instead of in prison.

4

evidence that is favorable to the verdict and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003).

Indiana Code section 35-46-1-4(a) provides, in relevant part, that a person having the care of a dependent who knowingly or intentionally places the dependent in a situation that endangers the dependent's life or health commits neglect of a dependent as a Class D felony. The crime is a Class A felony if it results in the death of a dependent under the age of fourteen. I.C. § 35-46-1-4(b)(3). Here, the information charged that Lee "did knowingly place [Au.] in a situation that did endanger the life or health of [Au.]. that is: left [Au.] unattended in a room with a loaded gun in plain view on a small table; further, that said act resulted in the death of the dependent child [Au.]" (Appellant's App. p. 39).

A person engages in conduct knowingly if, "when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). Under the child neglect statute, a "knowing" mens rea requires a subjective awareness of a "high probability" that a dependent has been placed in a dangerous situation. *Villagrana v. State*, 954 N.E.2d 466, 468 (Ind. Ct. App. 2011). Because, in most cases, such a finding requires the fact finder to infer the defendant's mental state, this court must look to all the surrounding circumstances of a case to determine if a guilty verdict is proper. *Id.*

Here, the State presented evidence that Lee left a loaded gun in plain view on a microwave cart in an unattended room. In fact, Lee admitted this on several occasions.

This evidence supports the jury's conclusion that Lee knowingly placed Au. in a situation that endangered her life or health, and that this act resulted in Au's death. There is sufficient evidence beyond a reasonable doubt to support Lee's conviction of neglect of a dependent as a Class A felony.

## II. *Admission of Evidence*

Lee also argues that the trial court erred in admitting evidence regarding the presence of ammunition and a second loaded gun in the home. Because Lee did not object to the admission of this evidence at trial, she has waived appellate review of this issue. *See Manuel v. State*, 793 N.E.2d 1215, 1218 (Ind. Ct. App. 2003), *trans. denied*.

In an attempt to avoid procedural default, Lee contends that the admission of this evidence constituted fundamental error. However, the fundamental error exception is extremely narrow. *Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind. 2000), *abrogated in part on other grounds Beattie v. State*, 924 N.E.2d 643 (Ind. 2010). To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.* To be fundamental error, the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process. *Id.* In determining whether the error in the introduction of evidence affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *Manual*, 793 N.E.2d at 1219.

Our review of the evidence reveals that Lee knew that the handgun in the kitchen was loaded when she walked by it on her way upstairs. She did not pick it up or move it. Instead, she left it in plain view on a microwave cart. Given this compelling evidence, testimony that Lee had ammunition and a second loaded gun upstairs in her bedroom had a minimal impact on the jury, did not deny Lee fundamental due process, and therefore was not fundamental error. *See id.*

<u>CONCLUSION</u>

Based on the foregoing, we conclude that there is sufficient evidence to support Lee's conviction of neglect of a dependent as a Class A felony, and the admission of evidence that Lee had ammunition and a second loaded gun in her bedroom was not fundamental error.

Affirmed.

BRADFORD, J. and BROWN, J. concur