**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIE HUGULEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1305-CR-443 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Tanya Walton Pratt, Judge
Cause No. 49G01-9808-PC-71583

**December 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Defendant Willie Huguley appeals his convictions for Class A felony child molesting, sexual intercourse; Class A felony child molesting, deviate sexual conduct; and Class C felony child molesting, fondling. Huguley argues that (1) the trial court committed fundamental error in instructing the jury; (2) Huguley received ineffective assistance of counsel during his post-conviction relief proceedings; (3) Appellee-Plaintiff the State of Indiana presented insufficient evidence from which the jury could convict him of child molesting; and (4) Huguley's convictions violate Indiana's proscription against double jeopardy. We affirm.

## FACTS AND PROCEDURAL HISTORY

From January until approximately March of 1998, eleven-year-old N.H. lived with her maternal uncle Huguley while her mother was in jail. Huguley was approximately thirty years old at the time. In April of 1998, it was reported to the Marion County Sherriff's Department that Huguley had molested N.H. during their time living together. Following an investigation, the State charged Huguley as follows: Count I, Class A felony child molesting, sexual intercourse; Count II, Class A felony child molesting, deviate sexual conduct; and Count III, Class C felony child molesting, fondling. The State later alleged Huguley to be a habitual offender.

Huguley was tried by a jury on July 12, 1999, during which N.H. testified to the following facts. On one occasion, Huguley picked up N.H. from the living room couch, where she was watching television, and carried her to his bedroom. There, Huguley

2

removed N.H.'s pants, inserted his penis "a little bit" into N.H.'s vagina, and moved up and down on top of N.H. Tr. p. 261. On a second occasion, Huguley took N.H. to his bedroom, turned her face down on the bed, and tried unsuccessfully to penetrate N.H.'s anus with his penis. Huguley then began touching N.H.'s breasts.

The jury found Huguley guilty as charged, and Huguley subsequently admitted to being a habitual offender. The trial court sentenced Huguley to forty years each on Counts I and II and to eight years on Count III. Because of Huguley's status as a habitual offender, the trial court enhanced Huguley's sentence on Count III by ten years. Huguley's sentences on Counts I and II were ordered to be served concurrently, but consecutive to his sentence on Count III, for a total sentence of fifty-eight years.

Huguley filed a notice of appeal on November 17, 1999, but, on February 15, 2000, moved to stay the appeal in order to pursue the *Davis/Hatton* procedure.[1] We granted Huguely's motion, and he filed a petition for post-conviction relief ("PCR") on April 12, 2002. In his PCR petition, Huguley claimed ineffective assistance of trial counsel, alleging counsel failed to investigate certain exculpatory evidence. On February 7, 2003, the post-conviction court denied Huguley's petition. Huguley did not timely appeal the judgment

---

[1] *Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977), and *Hatton v. State*, 626 N.E.2d 442 (Ind.1993), establish and recognize that during the pendency of an appeal from a conviction, a defendant may have issues which could be the basis for postconviction relief in addition to the issues raised on appeal. In such a circumstance, on request, the appellate court may terminate the appeal and grant remand so the petition for postconviction relief can be heard. If postconviction relief is granted, the issues originally on appeal may be mooted and no further appeal is necessary. If postconviction relief is denied, an appeal may be taken from the denial and the issues originally raised on appeal may be added to the postconviction appeal. *See Hatton*, 626 N.E.2d at 442.

*Huguley v. State*, 967 N.E.2d 572, 574 (Ind. Ct. App. 2012), *trans. denied.*

of the post-conviction court, which was a necessary step in reviving the issues presented in his stayed direct appeal. *Huguley v. State*, 967 N.E.2d 572, 574-75 (Ind. Ct. App. 2012), *trans. denied*.

On May 3, 2011, Huguley petitioned this court for belated perfection of his direct appeal pursuant to Indiana Post-Conviction Rule 2(3). We granted Huguley's petition but subsequently remanded the case to the trial court for a determination as to whether Huguley was at fault in failing to appeal the post-conviction court's judgment and whether he had been diligent in pursuing a belated direct appeal. *Id.* at 575-76. On May 20, 2013, following an evidentiary hearing, the trial court found that "[Huguley] has been diligent in pursuing his right to appeal" and granted him leave to file this belated appeal.

## DISCUSSION AND DESCISION

### I. Whether the Trial Court Committed Fundamental Error

Huguley argues that the trial court committed fundamental error in instructing the jury that "a conviction for child molesting may rest solely upon the uncorroborated testimony of the victim." Tr. p. 164. We conclude that it did not.

> The "fundamental error" rule is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.
>      When determining whether a defendant suffered a due process violation based on an incorrect jury instruction, we look not to the erroneous instruction in isolation, but in the context of all relevant information given to the jury, including closing argument, and other instructions. There is no resulting due process violation where all such information, considered as a whole, does not mislead the jury as to a correct understanding of the law.

*Boesch v. State*, 778 N.E.2d 1276, 1279 (Ind. 2002) (citations and quotation marks

4

omitted).

This court has previously held that a trial court did not commit fundamental error in giving a jury instruction nearly identical to the one challenged by Huguley. *See Manuel v. State*, 793 N.E.2d 1215 (Ind. Ct. App. 2003). In *Manuel*, the trial court instructed the jury that "[a] conviction for child molesting may rest solely on the uncorroborated testimony of the child witness." *Id.* at 1217. On appeal, we determined:

> The instruction and other relevant information … did not mislead the jury as to a correct understanding of the law. *See Stewart v. State*, 768 N.E.2d 433, 436 (Ind. 2002) (noting that "the uncorroborated testimony of a child victim is sufficient to support a conviction for child molesting"). The trial court instructed the jury on all elements of the charged offenses, the State's burden of proof, and its role in assessing witness credibility.

*Id.* at 1218. Here, as in *Manuel*, the trial court's instructions as a whole, which included instructions on the burden of proof and assessing witness credibility, were not misleading as to a correct understanding of the law. As such, the trial court did not commit fundamental error in giving the challenged instruction.

Huguley relies on the Indiana Supreme Court's holding in *Ludy v. State*, that a trial court erred in instructing the jury that "[a] conviction may be based solely on the uncorroborated testimony of the alleged victim if such testimony establishes each element of any crime charged beyond a reasonable doubt." 784 N.E.2d 459, 460 (Ind. 2003). In *Ludy*, however, the Indiana Supreme Court went on to say that its holding "applies to Ludy and others whose cases properly preserved the issue and whose cases [were then] pending on direct appeal." *Id.* at 462 (citing *Pirnat v. State*, 607 N.E.2d 973, 974 (Ind. 1993)). Huguley concedes that he did not object to the challenged jury instruction at trial; therefore,

5

*Ludy* is inapplicable. *See Manuel*, 793 N.E.2d at 1218 n.3.[2]

## II. Whether Huguley's PCR Counsel Was Ineffective

Huguley argues that his PCR counsel was ineffective in failing to assert a claim of ineffective assistance of trial counsel based on the failure to object to the jury instruction challenged above. This claim, however, is not properly before this court. Huguley did not pursue a timely appeal of the post-conviction court's judgment, and Post-Conviction Rule 2, by which we granted Huguley this belated direct appeal, does not apply to appeals from post-conviction proceedings. *Huguley*, 967 N.E.2d at 574; *see Taylor v. State*, 939 N.E.2d 1132, 1135 (Ind. Ct. App. 2011) (citing *Greer v. State*, 685 N.E.2d 700, 703 (Ind. 1997)). Therefore, Huguley is limited to issues of direct appeal, *i.e.*, those arising from his trial and sentencing, not his PCR proceedings. Additionally, successive post-conviction claims require appellate court authorization and, if granted, are properly filed and litigated in the trial court of the petitioner's conviction. P-C.R. 1(12). Huguley's claim has not navigated these procedural channels.

## III. Whether Sufficient Evidence Supports Huguley's Convictions

Huguley argues that the State presented insufficient evidence from which the jury could convict him on Counts I, II, and III.

> It is well established that where a defendant is challenging the sufficiency of the evidence to support a conviction, we "neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a

---

[2] Given our holding on this issue, we need not determine whether Huguley's direct appeal, in the context of the *Davis/Hatton* procedure, was pending at the time of our *Ludy* decision.

reasonable doubt." *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005) (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)). The factfinder bears the responsibility for determining whether the evidence in a given case is sufficient to satisfy each element of an offense, and we consider conflicting evidence in the light most favorable to the trial court's ruling. *See id.*

*Prickett v. State*, 856 N.E.2d 1203, 1206 (Ind. 2006).

## A. Sexual Intercourse and Fondling

With regard to Counts I and III, Huguley claims that the evidence fails to establish that he engaged in sexual intercourse and fondling with N.H. At trial, N.H. testified that, on one occasion, Huguley penetrated her vagina with his penis and that, on another occasion, Huguley touched her breasts. Huguley contends that this testimony is inconsistent with other evidence presented at trial, namely, N.H.'s aunt's testimony that N.H. said Huguley never touched her. This contention, however, is merely an invitation to reweigh the evidence, which we will not do. *See Pricket*, 856 N.E.2d at 1206. N.H.'s testimony is sufficient to sustain Huguley's convictions on Counts I and III.

## B. Deviate Sexual Conduct

With regard to Count II, Huguley claims that the evidence fails to establish that he engaged in deviate sexual conduct with N.H. "'Deviate sexual conduct' means an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person[.]" Ind. Code § 35-41-1-9(1) (1999) (current version at Ind. Code § 35-31.5-2-94(1)). At trial, N.H. testified, "[Huguley's] penis touched my bottom." Tr. p. 266. Huguley contends that this testimony is insufficient because the statute explicitly requires penile contact with a person's "anus," not merely his or her "bottom" or "buttocks." *See Downey v. State*, 726

7

N.E.2d 794, 798 (Ind. Ct. App. 2000) (finding insufficient evidence of deviate sexual conduct where testimony revealed defendant rubbed his penis against or between victim's buttocks). Huguley's contention, however, ignores that the Prosecutor clarified N.H.'s testimony:

[Prosecutor]: [D]o you know what your anus is?
[N.H.]: Yes.
[Prosectuor]: Is that what you mean when you say "bottom"?
[N.H.]: Yes.

Tr. p. 267. N.H.'s testimony is therefore sufficient to support Huguley's conviction on Count II.

### IV. Whether Huguley's Convictions Violate Double Jeopardy

Huguley argues that his convictions on Counts II and III violate his right to be free from double jeopardy under the Indiana Constitution.[3] Ind. Const., art. I, § 14. Article I, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Huguley asserts only an "actual evidence" challenge to his convictions.

---

[3] Huguley also asserts a federal double jeopardy claim but offers no supporting analysis. Pursuant to Indiana Appellate Rule 8.3(A)(7), this claim is waived; Huguley has failed to provide a cogent argument with adequate citation to authority. *See Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990).

Huguley claims that N.H.'s testimony failed to establish that the alleged deviate sexual conduct and fondling occurred at different times. Therefore, Huguley contends, N.H.'s testimony can only be used to prove one incidence of child molesting. We disagree. In *Ward v. State*, we held that a victim's testimony concerning one episode of child molesting could be used to prove two separate acts of child molesting without violating principles of double jeopardy where that testimony revealed that one act of child molesting was "not contemporaneous with or incidental to" the other. 736 N.E.2d 265, 269 (Ind. Ct. App. 2000). At trial, N.H. testified that Huguley's penis touched her anus. This evidence established the deviate sexual conduct charged in Count II. N.H. further testified that, after attempting anal penetration, Huguley began touching N.H.'s breasts. This evidence established the fondling charged in Count III. *See Scott v. State*, 771 N.E.2d 718, 730 (Ind. Ct. App. 2002) (finding no double jeopardy violation where victim testified that defendant touched her breasts and then penetrated her vagina with his finger), *disapproved of on other grounds by Louallen v. State*, 778 N.E.2d 794 (Ind. 2002). Huguley's convictions on Counts II and III did not put him in jeopardy twice for the same offense.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.