## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 22 2016, 6:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Alexander Kays, *Appellant-Defendant,* | September 22, 2016 |
| v. | Court of Appeals Case No. 84A05-1603-CR-637 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John T. Roach, Judge |
| | Trial Court Cause Nos. 84D01-1407-F5-1921 84D01-1507-F4-1663 84D01-1508-F6-1758 |

**Pyle, Judge.**

# Statement of the Case

In this consolidated appeal from three underlying causes, Jason Alexander Kays ("Kays") appeals his conviction and sentence from one cause in which he pled guilty to Level 4 felony child molesting,[1] and he appeals the revocation of probation and order to serve his previously suspended sentence in a second cause.[2] Kays argues that there is an insufficient factual basis to support his guilty plea for his Level 4 felony child molesting conviction and contends that the trial court abused its discretion when sentencing him. Concluding that Kays' challenge to the factual basis surrounding his guilty plea is not reviewable on direct appeal and that the trial court did not abuse its discretion when sentencing him, we affirm his sentence and revocation of probation.

We affirm.

# Issues

1. Whether Kays may, on direct appeal, challenge the factual basis supporting his guilty plea.

2. Whether the trial court abused its discretion when sentencing Kays.

---

[1] IND. CODE § 35-42-4-3.

[2] Kays also pled guilty to and was convicted of Level 6 felony theft in a third cause. *See* I.C. § 35-43-4-2. He does not specifically challenge his sentence from this third cause.

# Facts

[3] In February 2015, Kays pled guilty to Level 5 felony sexual misconduct with a minor[3] in cause number 84D01-1407-F5-1921 ("Cause 1921"). Pursuant to his guilty plea agreement, the trial court imposed a three (3) year sentence, with 444 days executed and 651 days suspended to probation.[4]

[4] Five months later, on July 23, 2015, the State charged Kays, in cause number 84D01-1507-F4-1663 ("Cause 1663"), with Count 1, Level 4 felony child molesting; and Count 2, Class B misdemeanor false informing.[5] The State also filed an allegation, under Count 3, that Kays was a repeat sex offender.[6] On July 27, 2015, the State filed a notice of probation violation in Cause 1921, alleging that Kays had been charged with the three offenses in Cause 1663 and had violated probation by violating the law.

[5] Very shortly thereafter, on August 4, 2015, the State charged Kays, in cause number 84D01-1508-F6-1758 ("Cause 1758"), with Count 1, Level 6 felony theft; and Count 2, Level 6 felony check fraud.[7] On August 12, 2015, the State filed an amended notice of probation violation in Cause 1921, adding the

---

[3] I.C. § 35-42-4-9.

[4] Kays had served 222 days incarcerated prior to sentencing and was given 222 days of presentence credit time at the time of sentencing. Thus, at the time of sentencing, he had served his executed time and was immediately placed on probation.

[5] I.C. § 35-44.1-2-3.

[6] I.C. § 35-50-2-14.

[7] I.C. § 35-43-5-12.

allegation that Kays had been charged with the two offenses in Cause 1758 and had again violated probation by violating the law.

[6] On February 29, 2016, Kays entered into a written plea agreement with the State for Causes 1663, 1758, and 1921. Specifically, he agreed to plead guilty to Level 4 felony child molesting in Cause 1663 and to Level 6 felony theft in Cause 1758 in exchange for the dismissal of the remaining counts in those two causes, and he agreed to admit to the probation violation allegations in the amended probation notice in Cause 1921. His plea agreement provided that, in Cause 1663, his sentence would "not exceed" eight (8) years and that his sentences in the three causes would be served consecutively. (App. 162).

[7] During the guilty plea hearing, when the State laid out the factual basis for his charges, Kays admitted to the facts set forth therein and admitted that he had committed child molesting in Cause 1663 and theft in Cause 1758. He also admitted that he had violated his probation. Additionally, Kays acknowledged that, by pleading guilty to the new charges, he was waiving his right to appeal those convictions.

[8] During the sentencing portion of the hearing, Kays' attorney "concede[d]" that Kays' prior criminal history and violation of probation were aggravators. (Tr. 17). When discussing the circumstances of the child molesting offense, Kays' counsel asserted that the twelve-year-old victim had stated that Kays had not put his hand down her pants. The trial court asked, "Counsel, you're not suggesting that there is not a factual basis in this case, are you?" (Tr. 20).

Kays' counsel responded, "No. No. No" and stated that he "didn't want to make the distinction that it was the victim's testimony that that [had] never occurred." (Tr. 20).

[9] When discussing aggravating circumstances, the trial court found Kays' criminal history and recent violation of probation as "the two statutory aggravating factors." (Tr. 21). The trial court also found that Kays' inability to "do well on probation" and the element of planning in his new crimes were "non-statutory aggravators . . . that weigh[ed] against an advisory sentence[.]" (Tr. 21). The trial court also considered Kays' mental health as a mitigating circumstance. The trial court imposed a seven (7) year sentence for Kays' Level 4 felony child molesting conviction in Cause 1663 and a one and one-half (1½) year sentence for his Level 6 felony theft conviction in Cause 1758. The trial court also revoked Kays' probation in Cause 1921 and ordered him to serve his previously suspended 651-day sentence. The trial court, pursuant to the plea agreement, ordered all sentences to be served consecutively. Kays now appeals.

# Decision

[10] Kays argues that: (1) there was an insufficient factual basis to support his guilty plea in Cause 1663; and (2) the trial court abused its discretion when sentencing him. We will address each argument in turn.

## 1. Factual Basis

[11] Kays contends that there was an insufficient factual basis for his Level 4 felony child molesting in Cause 1663 and that his guilty plea and conviction should be

vacated. The State, on the other hand, argues that Kays is "precluded from raising this challenge on direct appeal" because a "person who pleads guilty cannot challenge the propriety of the resulting conviction on direct appeal." (State's Br. 7). We agree with the State.

[12] "In Indiana . . . it is well-settled that a person who pleads guilty cannot challenge his convictions by means of direct appeal[.]" *Robey v. State*, 7 N.E.3d 371, 383 (Ind. Ct. App. 2014) (citing *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005)), *trans. denied*. "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). Instead, post-conviction relief is the proper vehicle for pursuing this type of claim. *See id.* at 396 (rejecting a defendant's challenge to the factual basis supporting his guilty plea to an habitual offender enhancement on direct appeal). Because Kays may not challenge his conviction and the factual basis supporting his guilty plea on direct appeal, we do not reach the merits of the claim.[8]

---

[8] In his reply brief, Kays suggests that we should, nevertheless, review his challenge to his child molesting conviction "because the full record is available to this Court[.]" (Kays' Reply Br. 5). We decline his invitation to disregard our Indiana Supreme Court's holding that a defendant who pleads guilty cannot challenge his conviction by means of a direct appeal and must instead do so through a post-conviction relief proceeding. *See, e.g.*, *Robey*, 7 N.E.3d at 384 (following our supreme court's holding in *Tumulty* and declining a defendant's request to review his guilty plea conviction challenge on direct appeal).

We note that in order to have this Court address Kays' factual basis challenge in conjunction with his direct appeal sentencing issue, Kays could have sought to utilize the *Davis/Hatton* procedure to first challenge the factual basis issue at the post-conviction level. *See White v. State*, 25 N.E.3d 107, 121 (Ind. Ct. App. 2014) (explaining that after utilizing the *Davis/Hatton* procedure—which involves a termination or suspension of a direct appeal already initiated to allow a post-conviction relief petition to be pursued in the trial court—a defendant can then have his direct appeal and post-conviction appeal of the denial of post-conviction relief

## 2.  Abuse of Discretion

Kays argues that the trial court abused its discretion when sentencing him. Specifically, he contends that:  (1) that trial court used an element of the offense to enhance his child molesting sentence; (2) his child molesting conviction was improperly enhanced because the trial court's sentencing statement contained only "general impressions" and not specific aggravating circumstances; and (3) the trial court improperly used his violation of probation as an aggravating circumstance to enhance his probation revocation sentence.  (Kays' Br. 12).

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).  So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion.  *Id.*  An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id.*  A trial court may abuse its discretion in a number of ways, including:  (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a

consolidated), *reh'g denied*, *trans. denied*, *cert. denied*.  *See also Davis v. State*, 368 N.E.2d 1149 (Ind. 1977); *Hatton v. State*, 626 N.E.2d 442 (Ind. 1993)).

sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91.

[15] Turning to Kays' first sentencing argument, we note that—contrary to Kays' assertion—the trial court did not use an element of the offense to enhance his child molesting sentence. Other than making such a bare assertion, Kays has not set forth what element the trial court allegedly used to enhance his sentence. Moreover, the trial court did not use an element of his child molesting offense to enhance Kays' sentence. Thus, his argument is without merit.

[16] Next, we address Kays' argument that his child molesting conviction was improperly enhanced because the trial court did not provide specific aggravating circumstances. We find this argument equally without merit. Here, the trial court determined that Kays' criminal history and recent violation of probation were "the two statutory aggravating factors[,]" and it found that Kays' inability to do well on probation and the element of planning in his crimes were "non-statutory aggravators . . . that weigh[ed] against an advisory sentence[.]" (Tr. 21). Indeed, during the sentencing hearing, Kays' attorney "concede[d]" that Kays' prior criminal history and violation of probation were aggravators. (Tr. 17). Because the trial court set forth proper aggravating circumstances to support the enhancement of Kays' sentences, Kays has failed to show the trial court abused its discretion. *See Guzman v. State*, 985 N.E.2d 1125, 1133 (Ind. Ct. App. 2013) ("It is well-settled that a single aggravating factor is sufficient to warrant an enhanced sentence.").

[17] Finally, we turn to Kays' suggestion that the trial court improperly used his violation of probation as an aggravating circumstance to "enhance[]" his suspended sentence imposed from his probation revocation. (Kays' Br. 13). The trial court, however, ordered Kays to serve his previously suspended sentence based on his violation of probation, and it did not add any extra time to that previously suspended sentence. The trial court's action did not constitute an abuse of its discretion. *See* I.C. § 35-38-2-3(h) (providing that once a trial court has determined that a condition of probation has been violated, the trial court may order execution of all of the sentence that was suspended at the time of initial sentencing).

[18] Affirmed.

Bradford, J., and Altice, J., concur.